## FILLEY, impleaded, etc., *v.* CODY.

There is no authority of law for giving judgment in vacation, and such a judgment is absolutely void.   An objection to such a judgment is jurisdictional in its character and cannot be removed by stipulation.

*Error to District Court of Gilpin County.*

Mr. HUGH BUTLER, for plaintiff in error.

Messrs. H. M. & W. TELLER, for defendant in error.

*Per Curiam.*   In the case of *Cooper* v. *The American, etc., Insurance Co.*, 3 Col. 318, we held that a judgment rendered in vacation was void.

In the case at bar, however, the parties stipulated that the motion for a new trial should be heard by the judge in vacation ; and, in case the motion was denied, that judgment should be rendered and entered as of the trial term, and should have the same force and effect as if made and entered of record during that term.

Undoubtedly, if such a stipulation can avail to give validity to the judgment, the litigant parties should be held to its terms.

It is but just to the counsel for the plaintiff in error to say that this objection to the judgment was not raised by them, but by the court *sua sponte*, and submitted for argument.

By the Organic Act, the judicial power of the Territory was vested in certain *courts* therein named.

The distinction between the act of a judge and the act of a court is well understood.

The numerous decisions which hold, in the absence of statute authorizing it, that a judgment rendered in vacation is void, are based upon the proposition that the authority to hear and determine is vested by law in the *court*, sitting at stated times and places, and not in the judge.

In vacation, the judge is not clothed with the character of a court. Hence in this interval between the terms fixed or authorized by law, he has no power to hear and determine. Freeman on Judgments, § 121. In other words, in his character as judge, acting in vacation, he has no jurisdiction, which is but the power to hear and determine.

As the objection, then, to such a judgment is jurisdictional in its character, it is obvious that it cannot be removed by stipulation. It is a well-settled principle that jurisdiction cannot be conferred by consent. *Molandin* v. *Colorado Central R. R. Co.*, 3 Col. 173.

There was no authority of law for the hearing and judgment in vacation, and the judgment was absolutely void. The agreement by the litigant parties that the judgment so rendered should be treated (contrary to the fact) as having

been rendered and entered as of the trial term, is substantially, notwithstanding the terms in which it is couched, an attempt to confer, by consent, a jurisdiction which the law did not authorize or afford.

The failure of the proceedings under the stipulation, however, does not affect the status of the verdict which appears of record. The motion for a new trial may still be heard, and if denied, the judgment may be rendered upon the verdict. *Kansas Pacific R. R. Co.* v. *Twombly*, 2 Col. 559 ; *Sheppard* v. *Wilson*, 6 How. 260 ; *Gray, Adm., etc.* v. *Thomas et al.*, 12 S. & M. (Miss.) 113.

The judgment of the court below is reversed with costs, and the cause remanded, with directions to proceed in accordance with the views herein expressed.

*Reversed.*