The People ex rel. Munn et al. *v.* Board of Trustees of the Town of Ouray.

4 291
6 100
4 291
f19a 524

A writ of mandamus issued by a district judge in vacation may not be made returnable at his pleasure into any county of his district, but must be made returnable in the county where the parties defendant may be properly impleaded. Where an alternative writ was so issued and made returnable before the judge in vacation in another county, and upon demurrer the proceedings were dismissed, *held,* that the judge was without jurisdiction at the time and place to hear the cause upon its merits, and the judgment of dismissal was therefore erroneous.

*Appeal from District Court of Ouray County.*

The case is stated in the opinion.

Mr. C. S. THOMAS, for appellants.

Mr. M. S. TAYLOR, and Mr. P. L. HUBBARD, for appellees.

ELBERT, J.    This was a petition for mandamus presented to the Hon. THOMAS M. BOWEN, judge of the fourth judicial district, for the county of Ouray, at chambers, July 18, 1877.   An alternative writ was granted, returnable before the said judge at chambers, in Del Norte, Rio Grande county, on August the 6th.   Upon the return day of the writ, the respondents appeared and demurred to the writ; the demurrer was sustained and the "writ and proceedings dismissed."   This is assigned as error.

The first ground of demurrer assigned is, that "the judge at chambers in the county of Rio Grande has no jurisdiction of the subject-matter of this action or of the persons of these defendants."   This point we regard as well taken. While the act of February 13, 1874 (Sess. Laws, p. 180), provided that the writ of mandamus might issue in vacation, there is nothing in its provisions that would justify us in saying that the judge might make it returnable to any county in his district at his pleasure.   Formerly writs were returnable *ubicunque fuerimus in Anglia*, but it is not probable that the legislature contemplated a return to that ancient practice.   The act makes the writ returnable "to any day in the next term or in the term then sitting, or any day in vacation that he may designate not less than ten days after the issuing of such writ with like effect as the court might do."

Had this writ been granted by this district court of Ouray county, it could not have been properly made returnable to another county in the district.   The judge in vacation has no other or greater power.

Again, the act provides that "the clerk of the district court of the proper county shall keep a record of said cause and all proceedings therein, the same as if the same were had, done and determined in term time."   This indicates a return of the writ before the judge at chambers within

the proper county, which is the county, where the parties defendant may under the law be properly impleaded.

The judge therefore did not err in dismissing the writ.

There was error, however, in dismissing the petition, as the judge had no jurisdiction at that time and place to hear the cause upon the merits.

The judgment in this respect is reversed with leave to the petitioners to renew their application on the petition filed if they should be so advised.

*Reversed.*