## EMIL GRUNER *v.* HENRY F. MOORE.

*(Supreme Court of Colorado, April Term, 1883).*

1. MANDAMUS. The writ will not lie to compel a Judge to grant an appeal and fix bond after adjournment of Court for the term, where the statute expressly designates the *Court* as the authority to grant the appeal.

2. APPEAL. In section 575 of General Laws, the terms "*Court*," and "*Judge*," are employed with the peculiar significance which ordinarily attaches to each term distinctively.

STONE, J. The petitioner Gruner was defendant in an action wherein one Neustadt *et al.* were plaintiffs, in the County Court of Las Animas county, of which Court the respondent, Moore, was Judge. Upon trial a money judgment was rendered against Gruner. Both Gruner and his attorney were absent at the time of the trial. The attorney was present in Court up to the hour of trial, and sought to obtain a continuance, which was denied. He then left the Court to attend a trial before a justice of the peace, being notified by the Court, as he was leaving, that the trial would immediately proceed, and was asked if he desired to appeal in case of an adverse judgment, to which inquiry he replied that it would be time to consider an appeal after judgment. When the attorney returned in the afternoon of the same day, the County Court had adjourned for the term. He thereupon sought the respondent and applied to him, as Judge of said Court, to fix the time for filing a bond in appeal from the judgment rendered in the cause, but the respondent refused to act in the matter. Whereupon said attorney procured the execution of a proper appeal bond, and tendered the same to the said respondent, and also to the clerk of said Court, to be approved and filed for the purpose of appealing the case to the District Court, but both the Judge and the clerk refused to act in the matter, on the ground that they were without authority so to act except in term time of the Court. Application was afterwards made to the District Court for said county for a *mandamus* to compel the said clerk of the County Court to approve and file said appeal bond, and upon a hearing of the application, said District Court refused the writ upon the ground that

the petitioner was not entitled to the relief prayed, by reason of his failure to pray such appeal during the term of said County Court. It is further averred in the petition that no final judgment having been rendered by the District Court upon said hearing and finding therein, the petitioner is without remedy by way of appeal or writ of error to review the proceeding or opinion of said District Court in the premises, and hence application is made to this Court for the writ of *mandamus* to compel the said Judge of the County Court to receive, approve and file the said bond, and to allow the appeal thereon prayed.

Whether the writ of *mandamus* should go upon this application depends upon whether the act to be commanded of the respondent is a clear legal duty to be performed by him, and without the exercise of judicial discretion on his part in the performance or refusal of such act.

*Mandamus* will not lie to compel an officer to perform an act which, without the mandate of the Court, would not be his legal duty, or would be unlawful for him to perform. And when substantial doubt exists as to the duty, or the right or power of the officer to perform it, the writ will be denied. High Ex. Rem., Sec. 32.

Whether the writ should go in this case depends upon the meaning to be given to section 575 of the General Laws, upon a proper construction of the statute.

The section provides that "Appeals may be taken from all final judgments or decrees of said County Courts to the District Court of the same county, by one or more of the parties against whom any such final judgment may have been rendered; *provided*, that in cases where such judgment or decree shall have been rendered for the payment of money, the party desiring such appeal shall, within a reasonable time, to be fixed by the Court, give good and sufficient bond with one or more sureties, to be approved by the Judge or clerk of the said Court, in double the amount of the judgment or decree appealed from, conditioned," etc.

The section further provides that "if the judgment or decree shall not be for the payment of money, the penalty of the

bond shall be in such sum as the Court shall deem sufficient," etc.

It will be observed that by the express terms of the statute, the Court is required to fix the time within which the bond shall be given. It was contended by counsel for petitioner in argument that the term "Court" as here used admits of a meaning synonymous with that of "Judge." We cannot think that the statute was intended to admit of such a construction. The words Court and Judge seem to be here employed with the peculiar significance which ordinarily attaches to each term distinctively. As will be seen, in the case of a money judgment, where the statute fixes the amount of the bond, such bond may be approved by the Judge or clerk, but in the case of other judgments, the amount of the bond is to be fixed by the Court, since the latter act obviously requires the exercise of judicial discretion and determination. In this case there was something more to be done than the mere approval of the bond; the time within which it should be filed was to be fixed, and since, when the application by petitioner for this purpose was made, the Court had adjourned the term, it was a question of judicial determination as to the lawful power of the Judge to perform the act prayed, under a proper judicial construction of the statute.

The statute in specifically designating the Court to fix the time for giving the bond, and the Judge or clerk to approve it, seems plainly to import a distinction between the judicial act of fixing such time by the exercise of judicial discretion, and the ministerial act of approving the bond in cases where the law fixes the amount.

As a general rule all judicial business must be transacted in term, whether there is any express direction to that effect or not. Such judicial business as may be done by the Judge out of Court is exceptional, and must find its warrant in some express provision of the statute. *Larco* v. *Casanuena,* 30 Cala., 564.

It was said in argument that to construe the statute against the authority of the Judge out of term to perform the act in question would be a harsh construction, inasmuch as it would result in great hardship where a party desired to take an ap-

peal from a judgment rendered the last day or hour of a term of Court.

The *argumentum ab inconveniendo* is one properly appealing to the Legislature, and not to the Court. And if the law as it stands is likely to involve any such hardship which cannot be obviated by exercise of proper foresight on the part of the Court, and diligence on the part of counsel, the petitioner in the case before us cannot well be heard to complain, since the record shows that both he and his counsel below were guilty of evident laches in not making their application in the matter of the appeal to the Court while in session.

The writ is denied.

*Wells, Smith & Macon*, for petitioner.

*Wallace & Gunter, Dawson & Mott*, for respondent.