## THOMAS v. PEOPLE.

CONTEMPT OF COURT — WHEN NECESSARY TO THE JURISDICTION THAT
AN AFFIDAVIT BE PRESENTED. — When it is manifest from the course
of the proceeding that the language of a petition for a change of
venue on the ground of the alleged prejudice of the presiding
judge is not a contempt *per se*, but only a constructive contempt,
if any, the court is without jurisdiction to order a warrant of at-
tachment to issue against the offender unless an affidavit be pre-
sented containing a statement of the facts constituting the con-
tempt. The unsworn report of a committee appointed by the court
to inquire into the matters alleged, itself unsworn, does not per-
form the office of an affidavit.

*Error to District Court of Gunnison County.*

Messrs. THOMAS BROS. & WEGENER, F. C. GOUDY and
LOUIS BOISOT, for plaintiff in error.

H. M. HOGG, District Attorney, for the People.

PATTISON, C. The judgment sought to be reviewed in
this case was rendered in a proceeding instituted against

plaintiff in error and others for an alleged contempt of court.

It appears from the record that prior to July 12, 1886, there were pending in the court below certain actions at law, wherein one Carrie L. Davis was plaintiff, and John H. Bowman, then sheriff of that county, was defendant.

Plaintiff in error was one of the attorneys for the defendant in those actions. On the day named he caused a petition, which had theretofore been prepared by him, praying for a change of the place of trial of the actions mentioned, to be presented to the court. The petition was made under section 31 of the Code of Civil Procedure, then in force. This section provided for change of the place of trial, whenever a party "shall fear that he will not receive a fair trial in the court in which the action is pending, on account that the judge is interested or prejudiced," etc.

The petition alleged prejudice of the judge. In compliance with the requirements of the section, as construed by this court, the facts and circumstances upon which the allegation of prejudice were predicated were set forth in detail. *Christ v. People*, 3 Colo. 394; *Hughes v. People*, 5 Colo. 436. It is unnecessary to recite these facts and circumstances.

When the petition was presented to the court, it was not read by counsel, but was submitted to the judge for his consideration. Immediately after reading the petition, the judge, upon his own motion, caused an order to be entered, appointing a committee, consisting of three members of the bar, "to inquire into the matters alleged in said petition, with full authority to administer oaths, and send for persons and papers, and to take such action in the premises as they may deem proper." The committee was not required to take the oath of office.

Subsequently the committee presented a report, the concluding paragraph of which was as follows: "Your

committee would, therefore, conclude from the charges presented in said affidavit, as well as from the evidence adduced before us, that such charges are a serious reflection upon the honor, integrity and dignity of this court, and that the same were made recklessly, and without sufficient inquiry as to the truth of the allegations therein contained, so far as they affect the judge of this court, and that the party making, as well as the persons causing said affidavit and petition to be filed, are in contempt of this honorable court."

The report was not verified by the committee, or any one of them. Plaintiff in error was not permitted to participate in the proceedings had before the committee in any manner. When the report was submitted, the court caused the same to be spread upon the minutes of the court, directed the evidence taken to be filed with the clerk, and ordered the district attorney of the district to file an information "against all of the parties concerned in filing the said petition."

Pursuant to the order, the proceeding now sought to be reviewed was instituted. The information alleged that plaintiff in error and the other parties concerned in the suit in which the petition was filed, in making and presenting the petition, committed gross acts of contempt of the district court, in that they caused the petition to be filed, published, etc. A copy of the petition was set forth in the information. The information was not verified.

Upon the filing of the information the court ordered an attachment for contempt to issue against plaintiff in error and others, returnable forthwith. When the warrant of attachment was returned by the officer, motion to quash the information and warrant was filed, because — "*First*, the said information does not state facts sufficient to constitute a contempt of court; *second*, because the information filed herein is not verified." The motion was overruled.

Thereupon plaintiff in error filed his separate answer to the information, in which, among other things, he expressly avers that, by the language contained in the petition for change of venue, he intended no reflection upon the character or integrity of the court, nor the judge thereof, but he thought he was within the line of professional duty to his client, and at the time thought it necessary to make the allegations contained in the petition."

Upon the information and answer, plaintiff in error was adjudged to be guilty of contempt, and a fine of $500 was imposed upon him.

It is only necessary for this court to determine whether the proceedings had prior to the issuance of the warrant of attachment conferred jurisdiction upon the court to issue the process. It is manifest, from the course of the proceedings, that the language of the petition for the change of venue was not deemed to be contempt *per se;* that the contempt, if any, was not regarded as direct, but constructive. The court was correct in its assumption. *Ex parte Curtis,* 3 Minn. 274. The record clearly shows that the petition was presented in a respectful manner, and that there was nothing in the language of the petition itself which would constitute a contempt, unless it could be established by evidence that it was used either with a reckless disregard of the truth, or with the express intention, not only to establish prejudice within the meaning of the statute, but also to reflect upon the honor, integrity, and character of the judge. It was therefore necessary to inquire and ascertain the meaning and intention of the parties in the premises. The intention of the parties was a material element in the offense. Rap. Contempt, § 121. Investigation was therefore necessary.

At the time this proceeding was instituted, chapter 31 of the Code of Civil Procedure, relating to contempts and their punishments, was in force. The court below

should in some measure, at least, have conformed with the rules prescribed by this chapter.  The proceeding was instituted under its provisions.  Section 348 expressly requires that, when the contempt is not committed in the immediate view and presence of the court, an affidavit shall be presented containing a statement of the facts constituting the contempt.  No information is necessary, for the reason that it is the office of the affidavit to inform the court of the facts which constitute the foundation of the proceeding.  *Worland v. State*, 82 Ind. 49.

In the absence of the affidavit the court is without the legal information necessary to warrant the issuance of the attachment.  The judge cannot act upon mere hearsay statements.  Knowledge must be brought home to him by the means prescribed by the statute.  The statement of facts upon which the court may proceed must be verified by an oath.  An information is not an affidavit, and cannot be substituted for an affidavit unless it is duly verified.  The report of the committee appointed in this case could by no means perform the office of the affidavit.  So far as this proceeding is concerned, the appointment of the committee and its action were extrajudicial.  It may not be improper to initiate a proceeding to punish for constructive contempt by information.  The affidavit will still be necessary, however, unless the information contains a statement of the facts and circumstances constituting the contempt.  In such case the information simply performs the office of the affidavit prescribed by the statute.  As the affidavit must of necessity be sworn to, it is clear that the information must be verified.  In the absence of verification it is insufficient, and confers no jurisdiction upon the court to issue the attachment.  *Gandy v. State*, 13 Neb. 445; *Wilson v. Territory*, 1 Wyo. 155; *Young v. Cannon*, 2 Utah, 560; *In re Daves*, 81 N. C. 72; *State v. Myers*, 44 Iowa, 580; *Batchelder v. Moore*, 42 Cal. 412;

*Whittem v. State*, 36 Ind. 196; *McConnell v. State*, 46 Ind. 298; *In re Judson*, 3 Blatchf. 148.

In the light of these authorities, it is clear that the court erred in overruling the motion to quash the information and the warrant of attachment, for the reason that the information was not verified.

It is unnecessary to consider other questions presented by the record. The judgment is reversed and plaintiff in error discharged.

REED and RICHMOND, CC., concur.

PER CURIAM. For the reasons stated in the foregoing opinion the judgment is reversed and the contempt proceeding ordered dismissed.

*Reversed.*