Hon. JNO. H. BURFORD, Chief Justice.
Hon. CLINTON F. IRWIN,
Hon. BAYARD T. HAINER,
Hon. BENJ. F. BURWELL,
Hon. FRANK E. GILLETTE,  } Associate Justices.
Hon. J. L. PANCOAST,
Hon. JAMES K. BEAUCHAMP,

---

WARREN A. BEDWELL v. W. R. ROSS AND JACK ROSS.

(Filed June 6, 1903.)

ORGANIC ACT—Assignment of Judges—Judicial Powers of the Judge After Assignment. The organic act of this territory, as supplemented by subsequent acts of congress provides: That the supreme court of the Territory of Oklahoma shall consist of a chief justice and six associate justices, and that said territory shall be divided into seven judicial districts, and a district court shall be held in each county in said district by one of the justices of the supreme court, at such place and time as may be prescribed by law, and each judge after assignment shall reside in the district to which he is assigned; and that the supreme court shall define said judicial districts, and shall fix the times and places at each county seat in each district where court shall be held, and designate the judge who shall preside therein. Held: That after the order of assignment the judge is required to reside in the district to which he is assigned, and is vested with no judicial power as a district judge outside of his district.

(Syllabus by the Court.)

*Error from the District Court of Woods County; before John L. Pancoast, Trial Judge.*

*Snoddy & Son* and *L. T. Wilson,* for plaintiff in error.

Appearance for defendant in error withdrawn.

### STATEMENT OF FACTS.

This action was commenced in the district court of Woods county by filing in the clerk's office of said court on the 25th day of June, 1902, a petition for injunction, and a summons was issued for defendants.

At the time of filing the petition, and for some time afterwards, the probate judge of Woods county was absent from the county.

Hon. John L. Pancoast had been appointed one of the justices of the supreme court of Oklahoma Territory, and had been assigned by the supreme court of the territory to preside in the Sixth judicial district, and had prior to the filing of the said petition held a term of court in Woods county; but at the time of filing said petition he was in Perry, Oklahoma Territory, and while at Perry, which is in the Fourth judicial district the said John L. Pancoast granted a temporary injunction in this case. The necessary bond having been filed and approved, said order of injunction was served on the defendants in error, together with a summons in the case.

Defendants in error filed an answer, and moved to dissolve the temporary injunction, on the ground that the judge granting the order of injunction was outside the Sixth judicial district of the territory where the case was then pend-

ing, and for that reason had no jurisdiction to grant said injunction.

On the 29th day of July, 1902, at a term of the district court held in said Woods county, the motion came up for hearing, and was by the district court sustained.

Plaintiff in error excepted to such ruling of the district court and brings the case here for review. Affirmed.

Opinion of the court by

IRWIN, J.:    It is contended by counsel for plaintiff in error that as the judicial power of the territory is vested in the supreme court and probate courts and justices of the peace, and that each justice has jurisdiction throughout the territory, and that the division of the territory into districts and the assigning of a particular judge to preside in each district, is merely a matter of convenience, and does not deprive a judge who has been assigned to a particular district of jurisdiction to act in any other district within the territory; that the acts of a justice of the supreme court, although outside of the particular district to which he has been assigned, is not void, provided the same is made within the limits of the territory, and they cite in support of this contention the case of *Gerrege et al. v. Territory of New Mexico,* reported in the 46 Pac. 349, which seems to some extent at least to support this contention, but an examination of that case will show one important point of difference from the case at bar. In the New Mexico case it is stated:

"Moreover the records of this court show that no assignment has ever been made of any judge to any particular district."

This is not true in this territory, as this territory has been divided into seven judicial districts and one of the associate justices of the supreme court assigned to each district.

The supreme court of Kansas in the case of *Dunn v. Travis,* reported in the 26 Pac. at page 247, use the following language:

"The order extending the time is therefore a nullity, as it will not be seriously contended that he could make judicial orders while absent from his district."

But the supreme court of this territory in an early part of its history, by a decision, which so far as we can ascertain by a careful examination has never been questioned, or criticised, and has certainly never been overruled, has put the question at issue in this case entirely at rest, and has announced the law on this subject so clearly, conclusively and forcibly as to leave no doubt of the proper construction to be put upon this portion of the organic act.

In the case of *Stanley v. The United States,* reported in the 1 Okla. page 336, this court says:

"Sec. 9. The organic act provides that the supreme court of the territory shall consist of a chief justice and two associate justices; that said territory shall be divided into three judicial districts and a district court shall be held in each county in said district by one of the justices of the supreme court, at such place and time as may be prescribed by law; and each judge after assignment shall reside in the district to which he is assigned. The supreme court shall define said judicial districts, and shall fix the times and places at each county seat in each district where court shall be held, and designate the judge who shall preside therein. Under these

provisions the county of Oklahoma was embraced in the Second judicial district, and Associate Justice Clark assigned by an order of the supreme court to preside in said district and each of the other justices had been assigned to their respective districts. After this order of assignment, the judge is required to reside within the district to which he is assigned and he is vested with no judicial power as a district judge outside of his district, and the legislature has no power to confer it on him."

This injunction order was issued by Judge Pancoast as a district judge. Now, taking the decision just referred to and reading it in the light of such changes as have been made by subsequent acts of congress, it clearly shows the fact that the action of the district court in performing a judicial act outside of the limits of the judicial district to which he had been assigned by the supreme court was an unauthorized exercise of authority and that the subsequent dissolving of such injunction on that ground was in strict accordance with the law of this territory, as laid down by the supreme court; and the record not showing he was in attendance on the supreme court of the territory, or in discharge of duty as associate justice, hence the decision of the district court should be affirmed, which is accordingly done at the cost of the plaintiff in error.

Pancoast, J., who presided in the court below, not sitting; all the other Justices concurring.