[No. 2689.]

THE PEOPLE EX REL. BOARD OF COUNTY COMMISSIONERS OF MONTROSE COUNTY v. HEBEL ET AL. AS DIRECTORS OF SCHOOL DISTRICT No. 3.

**Mandamus—Jurisdiction—Vacation—Judge at Chambers.**

A district judge has no jurisdiction in vacation at his chambers to enter an order denying upon its merits a petition for an alternative writ of mandamus.

*Error to the District Court of Montrose County.*

Mr. N. C. MILLER, attorney general, Mr. HUGO SELIG, Messrs. TELLER & DORSEY and Mr. C. J. MORLEY, for plaintiffs in error.

Messrs. BELL & CATLIN, for defendants in error.

MAXWELL, J.

The transcript of the record in this case shows that a petition for an alternative writ of mandamus, to issue out of the district court of Montrose county, was presented to the Honorable Theron Stevens, judge of the district court of the 7th judicial district, which petition was marked: "Filed in chambers February 24, 1902. Theron Stevens, judge."

On the same day an order was made in the cause which concludes: "The writ should be denied, and it is ordered that the complaint be dismissed at plaintiffs' costs, to which ruling of the court plaintiffs, by their attorney, except. Done at chambers at Ouray,

Colorado, this 24th day of February, 1902. Theron Stevens, judge.''

This order was filed in the office of the clerk of the district court of Montrose county, February 26, 1902, and appears to have been entered of record by the clerk the same date, and is certified as the final judgment, to review which this writ of error is sued out.

Sec. 408, Mills' Ann. Code, limits the power of the judges of courts of record, in vacation, at chambers, to the hearing and determination of motions and demurrers, and making interlocutory orders and rules, preparatory to the trial and disposition of causes on the merits. No authority is vested in the judges of courts of record in this state to render judgments in vacation, or at chambers.

''A judgment is the sentence of the law pronounced by a court of competent jurisdiction, as the result of proceedings instituted. It is a judicial act, and to be valid must be pronounced by the *court,* at a time and place appointed by law, and in the form it requires.''—*Cooper v. Ins. Co.,* 3 Colo. 318. See also *Filley v. Cody,* 4 Colo. 109.

In *People, etc., v. Board of Trustees of Town of Ouray,* 4 Colo. 291, it was held that it was error to dismiss a petition in mandamus, in vacation, at chambers, as the judge had no jurisdiction at that time and place to hear the cause upon the merits.

For the above reasons the judgment is reversed.

*Reversed.*