[No. 6416.]

STATE BANK OF CHICAGO v. PLUMMER ET AL.

1. **Supreme Court—Jurisdiction—Authentication of Record** —The court has no jurisdiction of an appeal unless the appeal bond is duly approved, and the record of the inferior court properly authenticated.—(72)

A certificate to a transcript of record which by reasonable intendment affirms that it contains all papers and proceedings which constitute the record, is sufficient.—(74)

A certificate of the clerk below that the transcript transmitted "is a true, perfect and complete transcript of all the files and of all the orders of the court entered" in the cause, is sufficient. The final judgment is included in the phrase "orders of the court."—(73)

"All the files" includes the pleadings, process and other documents which compose the record proper.—(73)

2. **Judgment—Final**—Is an order within the meaning of the code.—(73)

3. **Appeal Bond—Approval**—The district court must approve the appeal bond, by an order of record, or by order of record authorize its approval by the clerk. Consent given by the judge, while in another county, to a previous unauthorized approval by the clerk, is nothing.—(77, 78)

4. **Courts—Speak Only by the Record**—A court speaks only by an order of record.—(77)

5. **Judge of District Court—Acts Only in the County**—Judge of the district court of a county exercises the powers of the court only within that county.—(78)

*Appeal from Teller District Court*—Hon. JAMES OWEN, Judge.

Mr. CHAS. J. HUGHES, Jr., and Mr. HENRY C. CASSIDY, for appellant.

Mr. Henry Trowbridge, for appellees.

Mr. Justice White delivered the opinion of the court:

Appellees have interposed a motion to dismiss this appeal. Of the four grounds upon which it is based, two only are of such character as to require consideration. They are as follows:

1. No authenticated copy of the record of the judgment or decree appealed from has been lodged in this court.

2. The appeal bond was never approved by the trial court, nor was an order of said court made authorizing the approval thereof by the clerk of said court.

## I.

Authentication of the copy of the record of the judgment as required by law is essential to the jurisdiction of this court.—*Yuma County v. Lovell*, 20 Colo. 80, 83; *Northrop v. Jenison*, 12 Col. App. 523, 524; *Denver v. Capelli*, 3 Colo. 235, 236.

And on appeal the approval of the bond is equally so.—*Greenlaw L. & T. Co. v. Chambers*, 39 Colo. 110.

The certificate of the clerk of the district court purporting to authenticate the transcript or copy of the record of the judgment or decree appealed from is to the effect that it is ''a true, perfect and complete transcript of all the files and of all orders of court, made and entered in the'' case.

The particular objection urged is that this certificate does not include a copy of the final judgment. Now if the final judgment is not included this objection is fatal, for the jurisdiction of this court has not attached, and cannot be invoked.—*Jones v. Vanatta*, 19 Col. App. 6; *Wilson v. Hickman*, 19 Col. App. 141.

By § 371, Mills' Ann. Code, "Every direction of a court or judge made or entered in writing and not included in a judgment is denominated an order."

Appellees therefore argue that an order is not a judgment, and that said code section expressly excepts it from a judgment. The section in question recognizes that certain directions of a court enter into and constitute the judgment, while others do not, and the latter are denominated orders. It does not say that a judgment under the code may not be an order, nor is never so denominated. However, having designated those not included in a judgment as orders, if there be nothing more in the code disclosing the sense in which the words are used, the presumption would doubtless be conclusive. that an "order" is never a "judgment."

The converse of this is true, however. For by express provision, § 442, Mills' Ann. Code, the word judgment is declared to mean *"all final orders,* decrees and determinations in an action; also all *orders* upon which executions may issue."

By § 389, Mills' Ann. Code, an appellant is required to "lodge in the office of the clerk of the supreme court an authenticated copy of the record of the judgment or decree appealed from," within a designated time. It therefore necessarily follows that an appellant has complied with this code provision when he has lodged with said clerk "a true, perfect and complete transcript of all the files and of all orders of court made and entered in the case." "All the files" include, all the pleadings, and process and such other documents as may be filed in the case; and "all orders of court made and entered," include those that are final, as well as those that are interlocutory. Especially is this true when, as here, we turn to these orders so certified, and find an order which is the final judgment in the cause.

The code prescribes no rule or form for the authentication of the record, and it is sufficient, if by fair and reasonable construction it affirms that all the papers and proceedings which constitute the record of the judgment are included.

In the case of *O'Shea v. Wilkinson*, 95 Cal. 454, 30 Pac. 538, it is said:

"The transcript contains what purports to be copies of the pleadings, order overruling the demurrer, minutes of the court, findings, and judgment, with a certificate of the clerk attached, which states that they are correct, but does not say that they constitute the judgment-roll. Respondent claims that we cannot consider matters contained in these papers without a certificate of the clerk that they are copies of the records which constitute the judgment-roll. This contention cannot be sustained. The code specifies what documents shall constitute the judgment-roll. Except in cases of default, it is made up by attaching together 'the pleadings, a copy of the verdict of the jury or finding of the court or referee, all bills of exception taken and filed, and a copy of any order made on demurrer, or relating to change of parties, and a copy of the judgment.'—Code Civ. Proc., sec. 670. It is no part of the duties of the clerk to certify that the papers contained in the transcript constitute the record on appeal although it is the general practice, and is proper for the clerk in his certificate to state that the transcript contains a copy of the judgment-roll. In the absence of a showing to the contrary, we must presume that the pleadings, order, findings, and judgment mentioned in the certificate are those which constitute the judgment-roll. If they do not, it is an easy matter for the respondent, upon suggestion of diminution of the record, to have the transcript corrected here."

The certificate in question authenticates certain documents as true copies of the originals. Among these is found everything essential to constitute a record of the judgment, including the judgment itself. What matters it if the clerk has failed to designate the papers by their technical name? What would it profit an appellant if a clerk should certify "the above and foregoing to be a true and correct copy of the record of the judgment," and yet upon inspection there were no pleadings nor judgment? Now, if he certifies that particular papers, to wit: "all the files and all orders of the court made and entered" are true and correct copies of the originals in the case, and upon inspection such papers constitute the record of the judgment in the case, is it not manifestly sufficient? It is true that the certificate in question is not very formal nor technical. Fairly and reasonably construed, however, it is evident therefrom that the transcript contains a full, true and correct "authenticated copy of the record of the judgment." All the requirements of the code were reasonably satisfied. This view is strengthened by the fact that, by express provision, the code and all proceedings thereunder shall be liberally construed, with a view to promote its object and assist the parties in obtaining justice.—§ 443, Mills' Ann. Code.

## II.

Section 388, Mills' Ann. Code, as amended (Sess. Laws 1907, p. 278), expressly declares that "the party praying for such appeal shall    *    *    * give bond with sufficient surety to be approved by the court from which the appeal is taken (or by the clerk thereof when the order granting the appeal may so direct), and file the same in the office of the clerk of the court from which the appeal is taken, within the time limited by the court." This language is

mandatory and nothing less than a reasonable compliance therewith will give this court jurisdiction of this appeal. The order granting the appeal is conditioned that the bond be filed within sixty days, but in no wise authorizes the clerk to approve the same. This power then, under the code, remains in the court, and the court alone.

In *Orman et al. v. Keith et al.*, 1 Colo. 82, speaking of a similar statute, this court said:

"The statute   *   *   *   declares that the clerk may approve the bond, provided the order allowing the appeal shall so direct. In this case, the order allowing the appeal contains no such direction, and the act of the clerk approving the bond, in the absence of such provision, is inoperative. Nor can appellants be allowed to file a new bond in this court under that provision of the statute which authorizes defective appeal bonds to be amended in the discretion of the court. This appeal bond is not defective, but appellants failed to obtain the approval of the bond by the district court as the law directs, and for this reason the appeal must be dismissed."

Appellant concedes that under the statute and the order allowing the appeal herein, the court must necessarily approve the bond in order to give this court jurisdiction; but argues that under the well known rule that public officers are presumed to properly and duly perform their official duties, and that the duty of the clerk is to record the action of the court in the causes in such court pending and determined, and as the statute does not point out any particular mode or manner by which the court's approval of an appeal bond given pursuant to the order granting an appeal shall be manifested or established, the indorsement on the back of the appeal bond, "Approved and Filed Dec. 14th, A. D. 1907," and signed

by the clerk is sufficient. We are unable to agree with counsel in this assumption.

While it is true there is no statutory provision designating or requiring any particular mode or manner by which the approval of an appeal bond, given pursuant to the order granting an appeal, in any case, from the district court to the supreme court, shall be manifested or established, it cannot be assumed that the memorandum "approved and filed" on a certain date, on the back of the appeal bond, is an act of the court. The indorsement upon this bond approving the same is by the clerk, and does not purport to be the act of the court. Nowhere among the orders of the court, as certified by the clerk, is a word approving the bond. The court in approving a bond must make an order. That is its only mode of speaking. When the court approves a bond it must express such approval in some way, and there is no other way in which it can express itself, except by an order.

Without conceding the regularity of the attempt to supplement the record herein with two affidavits—one of the trial judge, and the other of appellant's attorney—it is not improper to observe that if we accept them as properly before us for consideration, this court would still be without jurisdiction in the premises. At most these affidavits show that the court was not in session in Teller county on a particular date but the judge thereof was in El Paso county, and that appellant, knowing this, presented the bond to said judge in the latter county, who then and there "consented to the approval of said bond."

Section 418, Mills' Ann. Stats., provides, "Every court of record shall sit at the county seat of the county in which it is held, except as may be otherwise provided by law."

When the law has prescribed a time and place at which the judicial business of the county must be

transacted, there can be no exception to the provision, unless it is expressly made by statute.

In *Gruner v. Moore,* 6 Colo. 526, 530, it is said:

"As a general rule all judicial business must be transacted in term, whether there is any express direction to that effect or not. Such judicial business as may be done by the judge out of court is exceptional, and must find its warrant in some express provision of the statute. * * * *Argumentum ab inconvenienti* is one properly appealing to the legislature and not to the court."

The law mentioned but two places in which a judge can exercise judicial authority, namely: in court and at chambers. The district court within and for Teller county can be in session only in Teller county, and the judge having no power at chambers to approve a bond, and there being no pretense that his act in El Paso county, which was at most consenting to the approval of the bond, was other than an act at chambers, if it were that, can in no wise be held to be a compliance with the code provision that the bond must be approved by the court. The approval of the bond by the court was a condition precedent to lodging the case with the clerk of this court on appeal.

Whatever may have been the intention of the parties, or even of the judge, at the time the bond was presented to him in El Paso county, the omission of the court, which could act only in Teller county, to approve this bond, is fatal to the jurisdiction of this court on appeal, and this appeal is, therefore, dismissed. The clerk, without further cost will, however, under § 388a, Mills' Ann. Code, enter the cause as pending on writ of error.

*Dismissed and entered on writ of error.*

Chief Justice Steele and Mr. Justice Bailey concur.