[No. 3316.]

SCOTT v. STUTHEIT.

1. JUDGMENT—*Signature of Judge*—Unnecessary.

2. —— *Can Only Be Rendered in Term Time.* Save as authorized by express statute, a final judgment or decree can be rendered only by the court in term time. Neither sec. 1491, 1492, Rev. Stat., nor sec. 408 of Mills' Code is an authority for the entry of a judgment in vacation or at chambers.

A judgment appearing upon the records of the district court of one county, but which by the same record appears to have

been rendered by the judge while at his chambers, in a different county, will be reversed on appeal.

3. Appeals—*Judgment—Reversed With Directions.* The judgment of the district court reversed with directions that upon a new trial the parties be permitted to use the evidence given upon the first trial and produce other evidence. .

*Appeal from Yuma District Court.* Hon. E. E. · Armour, Judge. ⁻

Mr. R. H. Gilmore, for appellant.

Mr. Ernest L. Williams, for appellee.

Hurlbut, J.

This suit was commenced by plaintiff (appellee) in the district court of Yuma County, against defendant (appellant), to quiet title to land in that county under § 255, Mills' Annotated Code.

The complaint was filed February 9, 1904, and is in usual form. Answer was filed, denying allegations in complaint, and alleging title in defendant by virtue of a sheriff's deed.

Replication was filed by plaintiff therein, admitting the execution and delivery to defendant of said sheriff's deed, and defendant's claim of title to the land thereunder, alleging however, as a defense, that, by force of the provisions of § 2296, Revised Statutes of the United States, said sheriff's deed conveyed no title to the land.

The case was tried to the court without a jury, and the issues found in favor of plaintiff.

The 13th assignment of error challenges the validity of the judgment appealed from, for the reason given, that it affirmatively appears from the record that the judgment was rendered at chambers in Sterling, Logan County, and not in open court, or

otherwise, or at all, in the County of Yuma where the cause was pending.

Counsel for appellant contends that the judgment is absolutely void. It will be at once seen that this question is all-important, and, if the record warrants the assignment of error, the judgment must be reversed.

On November 13, 1906, this cause was tried without a jury in the district court of Yuma County, said court being then in session, and after the evidence had all been taken the court continued the cause for argument to be heard in Denver.

At that time the statute provided for one term of the district court to be held each year in Yuma County, beginning on the third Tuesday in April.

The following excerpts from the record include substantially all recitals thereof which pertain to the rendition and entry of this judgment; viz.: "November 13, 1903, and on to-wit the same day, come the parties hereto * * * * * and thereupon said cause comes on for trial to the court without a jury, and thereupon comes the evidence. And thereupon the court, having heard the evidence therein, continued said cause for argument, said argument to occur at Denver, Colorado, at the convenience of the judge and counsel. And thereafter, and on to-wit the 7th day of January, A. D. 1907, the same being one of the regular juridical days of the April, A. D. 1907 (6) term of said court, the judge of said court, in chambers at Sterling, Colorado, did sign a decree or judgment, and forwarded the same to the clerk of the district court of Yuma County, Colorado, which was received, filed, and entered in the judgment book of said court on the 9th day of January, A. D. 1907.

The said decree or judgment is in the words and figures as follows, to-wit: 'At this date, November ——, A. D. 1906, this cause came on for hearing before the court, without the intervention of a jury, and was submitted upon the pleadings and the evidence and taken under advisement. Now, on consideration thereof, the court being sufficiently advised, finds the issues therein joined in favor of the plaintiff. Therefore, it is considered by the court, and so adjudged and decreed, that plaintiff have judgment as prayed for in his complaint herein against the defendant, etc.    *    *    *    *

Indorsed:                    By the Court,
    (Seal)                        E. E. Armour,
        'Filed January 9, 1907.            Judge.''
            W. C. Boggs,
                    Clerk.

The judgment purports to be one of a court of general jurisdiction; to have been rendered in Yuma County in November, 1906, and on one of the regular juridical days of the April, 1906, term of the district court of that county, and is regular in form, with the exception that the day of the month on which the judgment was rendered is not stated.

If the record ended here, there would be nothing left for this court to do but affirm the judgment, so far as this assignment of error is concerned; but this is not the case. Other recitals in the record destroy all presumptions as to the validity of this judgment. These recitals we will now notice.

The record states that on January 7, 1907, being one of the regular juridical days of the *Yuma County* District Court, at chambers in Sterling, Logan County, the trial judge *signed* the judgment, and for-

warded the same to the clerk of the District Court of Yuma County, which was received and filed by him and entered in the judgment book of said court January 9, 1907. From these statements it is apparent that, notwithstanding the recitals in the judgment entry, the judgment was *not* rendered in open court in said Yuma County, nor rendered in the month of November, 1906, but, on the contrary, if rendered at all, it was rendered at chambers in Logan County, and on January 7, 1907. These conclusions are strengthened by the fact that the record does not show the April, 1906, term of the District Court of Yuma County to have been in session any time after November 13, 1906. Why would the trial judge, on January 7, 1907, at chambers in a county other than the one in which the case was tried, sign a purported judgment and send the same to his clerk in Yuma County, if he knew, or believed, that a like judgment had been formally rendered in open court in Yuma County during the previous month of November? It is clear to us that this judgment was announced for the first time on January 7, 1907, at Sterling, Logan County. Hence, that part of the judgment entry which recites that this judgment was *rendered* more than five weeks prior thereto, in Yuma County, cannot be true.

Counsel for appellee says that there is no law of this State requiring a judgment or decree of a court to be *signed*. This is true, and has been so decided in the case of *Eberville v. Leadville Tunnelling, Mining & Drainage Company,* 28 Colo. 241. Our conclusions, however, as to the time and manner of rendering the judgment, are not based upon the fact that the judgment was signed by the trial

judge at the time and place stated. Mention is simply made of that fact as tending to show that, under the condition of the record here, the only judgment rendered in this cause, if rendered at all, was the one purporting to have been signed and forwarded by the trial judge at Sterling on January 7, 1907.

From the above reasoning we conclude that this judgment was rendered by the trial judge on January 7, 1907, at chambers in Logan County, a county other than the one in which the case was tried. The record fails to disclose whether or not the court was *in vacation* at that time. This makes no difference, however, as our supreme court has held that a judgment rendered in vacation and one rendered at chambers are practically the same.—*Cooper et al. v. American Central Insurance Company, post.*

Before the adoption of the code, there were a number of decisions of our supreme court which held that, in the absence of statute, a judgment could not be rendered in vacation, or at chambers, and could not be rendered in any other county than the one in which the case was tried. One of the first of these cases was *Cooper et al. v. American Central Insurance Company,* 3 Colo. 318. The facts in that case were quite similar to those in the case at bar. The judgment in that case recites that, "on the —— day of December, 1875 (4), being one of the regular days of the said December term, the cause came on for trial, * * *" The judgment was rendered in the district court of Pueblo County, and was signed by the judge of the court January 13th, 1875, and the record there contained this further recital: "On this 19th day of January, 1875, a judgment rendered by the Honorable J. B. Belford, Associate Justice

of the Supreme Court of Colorado Territory, and judge presiding at the December term, 1874,   *   *   * *was received* by the clerk of said court.   *   *   *"

The court says, "From these recitals it is evident that the judgment was not rendered in open court during the term, but in vacation. The recitals that 'on the 19th day of January, 1875, the judge presiding at the December term, 1874, filed in the office of the clerk thereof a certain judgment'; that afterwards, under instructions from the judge, the clerk of said court entered the judgment of record, stating that it was a judgment received 'on the 19th day of January, from the judge presiding at the December term,' are inexplicable, if the judgment was rendered in open court during the term."

And on page 321, "The judgment is the sentence of the law, pronounced by a court of competent jurisdiction, as the result of proceedings instituted. It is a judicial act, and, to be valid, must be pronounced by the *court* at a time and place appointed by law, and in the form it requires   *   *   *."

And again on page 320, "It is true that the judgment so 'filed by the judge' and 'received' and entered by the clerk, as above indicated, purports on its face to recite a judgment entered at the December term, but it also recites that the motion for a new trial was overruled, and the record shows that the motion was not filed until after the term had expired by limitation of law."

So it may be said in the case at bar, that, although the judgment purports to have been rendered on one of the juridical days of the April, 1906, term of the District Court of Yuma County, on some day in November, still, a previous record recital shows

that the judgment or decree was signed by the trial
judge in chambers on January 7, 1907, in Sterling,
Logan County. This decision was subsequently ap-
proved and followed in the supreme court of this
State in the following cases, to-wit:

*Filley, etc., v. Cody,* 4 Colo. 109; *Kirtley et al.
v. Marshall Silver Mining Co.,* id. 111; *Francis v.
Wells,* id. 274; *Gruner v. Moore,* 6 Colo. 526; *Wilson
v. Collin,* 45 Colo. 526; *State Bank of Chicago v.
Plummer,* 46 Colo. 71; *Winter v. People,* 10 C. A.
510; *Atchison, Topeka & Santa Fe Ry. Co. v. Nich-
ols,* 8 Colo. 188.

It will be noticed that these cases cover a period
of practice both before and since the adoption of the
code.

A few brief extracts from the above decisions
will show how our appellate courts have construed
the law applicable to the question now under consid-
eration, viz.:

"As a general rule all judicial business must be
transacted in term, whether there is any express
direction to that effect or not. Such judicial busi-
ness as may be done by the judge out of court is
exceptional, and must find its warrant in some ex-
press provision of the statute."—*Gruner v. Moore,
supra,* citing with approval the case of *Larco v.
Casanueva,* 30 Calif. 664.

"This is not a collateral but a direct attack on
their validity, and when it appears, as it does here,
that findings and a decree, made by a judge in vaca-
tion, and not by the court in term time, were entered
by the clerk, they will be set aside and held for
naught."—*Wilson v. Collin, supra.*

"§ 418, Mills' Annotated Statutes, provides that 'Every court of record shall sit at the county seat of the county in which it is held, except as may be otherwise provided by law.' When the law has prescribed a time and place at which the judicial business of the county must be transacted, there can be no exception to the provisions, unless it is expressly made by the statute. The district court within and for Teller County can be in session only in Teller County, and the judge having no power at chambers to approve a bond   *  *  *."—*State Bank of Chicago v. Plummer, supra.*

"It appears then, from an *inspection of the record itself,* that the court acted without jurisdiction of the person, and that the judgment is therefore void. The presumption in favor of the jurisdiction of courts of general jurisdiction is in this instance negatived by the record itself."—*Atchison, Topeka & Santa Fe Ry. Co. v. Nichols,* 8 Colo. 188, *supra.*

The law is well settled in this State, as shown by the decisions above cited, that, unless expressly authorized by statute, a judgment or decree, to be valid, must be rendered in open court during term time; that, without such sanction, a judgment or decree rendered in vacation or at chambers is null and void. This is the general rule in this country, and has been adopted by the appellate courts in most, if not all, of the States of the Union.

§ 408, Mills' Annotated Code, provides for the hearing and determination of motions and demurrers in vacation, at chambers, by the judges of courts of record. It cannot be contended that this section authorizes a judgment to be rendered in vacation

or at chambers by a court of record.  In *Bean v. People,* 6 Colo. 100, the court, in considering this section, speaks as follows: "This section appears to limit the powers of District Judges in vacation or at chambers to the determination of motions and demurrers and the making of interlocutory orders and rules preparatory to trials upon the merits."

Counsel for appellee calls our attention to § 1491 and § 1492, Revised Statutes 1908, and construes them as authorizing judgments to be rendered in chambers or vacation.  We do not think any such construction can be given to those sections.  They merely provide that motions, demurrers, and other similar pleadings, which tend to the formation of an issue in the main cause, shall be decided by the court within ninety days after its adjournment, under penalty, in case of default, of forfeiting three months' salary.

The judgment, not having been rendered in open court in term time, and there being at that time no statute authorizing it to be rendered in vacation or at chambers, will be reversed.

If a new trial is had, the evidence produced at the former hearing may be used by the respective parties, and leave granted to produce other and additional evidence, should they desire so to do.  This direction is permissible under authority of the case of *Wilson v. Collin, supra.*  Judgment reversed.

*Reversed and Remanded.*