## No. 10,128.

### SCHMIDT, ET AL. v. WITHER, ET AL.

#### Decided November 7, 1921.

Writ of certiorari and prohibition allowed by a district judge while outside the district where the action was pending. Motion to quash the writ so issued, sustained.

### *Affirmed.*

### *On Application for Supersedeas.*

1.  JUDGES—*Jurisdiction While Out of District—Writs.* There is nothing either in the Colorado code or statutes, which permits a district judge, sitting in chambers in one district, to issue writs or orders affecting litigation pending in other districts.

*Error to the District Court of Routt County, Hon. Francis E. Bouck, Judge.*

Mr. W. C. REILLY, Mr. JOSEPH K. BOZARD, Messrs. CARLSON & ERICKSON, for plaintiffs in error.

Mr. A. M. GOODING, Mr. C. R. MONSON, for defendants in error.

*En banc.*

MR. JUSTICE BAILEY delivered the opinion of the court.

PLAINTIFFS in error were defendants in an action in forcible entry and detainer in a justice court in Routt County. Upon the theory that the issues involved title to real property they moved a transfer of the cause for trial to the district court of the county. This motion was denied. Trial was had and judgment rendered in the justice court, upon which a writ of restitution issued. They then petitioned the district court of Routt County for a writ of certiorari and prohibition, requiring the justice of the peace to certify his records in the aforementioned cause to the district court and prohibiting him from further proceeding therein. The judge of the district court of Routt County being absent, plaintiffs applied to the presiding judge of the district court in Denver for the writ, basing their application upon an affidavit showing the absence from that jurisdiction of the Routt County judge. In response to the petition, the writ was allowed, by the presiding judge of the Second Judicial District, sitting at chambers in Denver, and upon his order, the writ was issued out of the district court of Routt County. Presently thereafter defendants in error filed a motion to quash the writ so issued, which upon due hearing was allowed and judgment entered accordingly. To review this judgment plaintiffs below bring the cause here and ask that the writ of error be made a supersedeas.

Many questions are raised and argued in the application but it is necessary to determine but one, which effectually disposes of the matter. That question goes to the power and authority of a district judge, sitting in one district, to make an order in any cause pending in another district.

It is true that district courts are courts of general jurisdiction and that writs, processes and orders operate on persons and property throughout the state, when issued by any judge within his jurisdiction. But such writs and orders may be issued by the several judges only while sit-

ting in and acting for the respective districts within which such writs or orders issue.

In *Kirby v. Rock Island Ry. Co.*, 51 Colo. 82, 116 Pac. 150, the district judge of the Tenth District was sitting at Denver and acting as a judge of the Second Judicial District. When so acting, affidavits appertaining to contempt proceedings alleged to have been committed in the Tenth Judicial District were presented to him, a warrant of attachment was issued and made returnable at Pueblo, in the Tenth Judicial District. Because the writ was issued by the judge of the Tenth District outside of his district while holding court in Denver a motion to quash the attachment was made, which was overruled. In discussing the effect of a writ or order issued under such facts and circumstances this court in that case said, at page 89:

"Enough has been said to clearly show that the chambers of a district judge, at which he must do such judicial business as may be done out of court, cannot be located without the territorial limits of his district, and that any judicial act pertaining to the courts of his district, done by him outside of his district, is without authority of law, and therefore void. Outside of his district, he is not a judge of his district, in the sense that he can do judicial business pertaining thereto. From this, it must necessarily follow that the presentation of the affidavits in this case and the action of the judge thereon, outside of the limits of his district, were nullities, and were not a presentation thereof and action thereon by the judge of that district, as contemplated by law. This being so, no jurisdiction was ever acquired of these proceedings, and the motion to quash ought to have been sustained. It is contended by the defendant in error that, inasmuch as the plaintiff in error included in his motion matters consistent with jurisdiction over his person, he thereby waived the issuance of the attachment outside of the tenth judicial district. The error of the defendant in error, in its contention, is to assume that this question goes to jurisdiction over the person of the plaintiff in error. That is not the case. The question

goes to the jurisdiction of the court over the particular subject matter of these proceedings. That was not waived nor conferred by consent."

The statute provides, section 3837, R. S. 1908, that "the judges of the district courts shall have power within their respective jurisdictions, and it shall be their duty, upon application made as hereinafter mentioned, to grant writs of certiorari to remove causes from before justices of the peace into the district court," etc.

Chapter 97, Session Laws 1911, provides what may be done by judges of courts of record in vacation, in chambers, but these things must be done "in their respective districts and counties."

There is nothing, either in the code or statutes, which permits a district judge, sitting in chambers in one district, to issue writs or orders affecting litigation in suits pending in other districts. The judgment of the trial court in dismissing the writ, which the judge of the Denver District, under the facts and circumstances here disclosed, was without authority to issue, is right, and should be and hereby is affirmed.