Le Hane v. State.

---

WILLIAM C. LE HANE v. STATE OF NEBRASKA.

FILED APRIL 10, 1896.  No. 8122.

1. **Judges: Prejudice: Application for Change.** It is the right of a party to an action and of his counsel to apply to the judge before whom the case would naturally come on for hearing, for the purpose of having another judge try the case because of prejudice on the part of the first judge which would prevent an impartial trial.

2. Contempt: RECUSATION. The presenting of such an application, in respectful language and in a respectful manner, is not of itself a contempt of court.

3. Application for Trial Before Another Judge: EVIDENCE: CONTEMPT. Such an application must be supported by evidence, and the tender of such evidence is not a contempt of court when made in good faith for the purpose of proving such prejudice and not for the purpose of reflecting upon the judge's honor, integrity, or character.

4. ——: ——: ——. When such proof is of a documentary character, the presenting of the application, if it is so made in good faith, is not a contempt of court merely because the documents offered in evidence do reflect upon the character of the judge, and even though their original publication may have been contemptuous or libelous.

5. ——: ——: ——. In a summary proceeding, a person making such an application cannot be punished for contempt because of the character of the original publication of such documents, or of improper motives in making the application. Such a proceeding must be based on information as for constructive contempt.

6. ——: ——: ——. An attorney at law applied to a district judge for an order transferring a cause to another judge for trial, because of prejudice on the part of the first. He supported the application by proof that he had published a libel of and concerning the judge to whom the application was made, and attached a copy of the libelous publication to his affidavit. The application was itself made in respectful language and it did not appear that it was not presented in a respectful manner. *Held*, That the attorney could not be summarily convicted of contempt without an information and trial, because of matter contained in the libelous publication.

ERROR to the district court for Gage county. Tried below before BUSH, J.

The facts appear in the opinion.

*L. M. Pemberton, E. O. Kretsinger, R. W. Sabin, S. D. Killen*, and *W. S. Summers*, for plaintiff in error:

In absence of an information and an opportunity to defend, the finding and judgment against plaintiff in error are erroneous. The court erred in finding plaintiff in error guilty of contempt for filing an affidavit which only set forth facts having a tendency to show prejudice

Le Hane v. State.

on part of the judge. The judgment imposing a fine and imprisonment is not based upon findings of fact, and is therefore erroneous. (Code of Civil Procedure, secs. 61, 670; *In re Peyton*, 12 Kan., 398; *Barnes v. McMullins*, 78 Mo., 266; *Turner v. Commonwealth*, 2 Met. [Ky.], 619; *Moses v. Julian*, 45 N. H., 52; *City of Emporia v. Volmer*, 12 Kan., 622; *State v. Foley*, 65 Ia., 51; *Thomas v. People*, 14 Colo., 254; *Mullin v. People*, 24 Pac. Rep. [Colo.], 880; *Gandy v. State*, 13 Neb., 445; *Ludden v. State*, 31 Neb., 429; *Hawes v. State*, 46 Neb., 149; *O'Chander v. State*, 46 Neb., 10; *Zimmerman v. State*, 46 Neb., 13; *State v. Galloway*, 5 Cold. [Tenn.], 326; *Batchelder v. Moore*, 42 Cal., 412; *Skiff v. State*, 2 Ia., 550; *State v. Utley*, 13 Ia., 593; *Ex parte Walker*, 25 Ala., 88; *People v. Turner*, 1 Cal., 153; *In re Deaton*, 105 N. Car., 59; *Bergin v. Deering*, 24 N. Y. Sup., 35.)

*A. S. Churchill, Attorney General*, and *George A. Day, Deputy Attorney General*, for the state:

The acts complained of constitute a contempt of court. (*In re Woolley*, 11 Bush [Ky.], 95; *Percival v. State*, 45 Neb., 741; *Ex parte Terry*, 128 U. S., 289; *Middlebrook v. State*, 43 Conn., 257; *Bronson's Case*, 12 Johns. [N. Y.], 460; *Commonwealth v. Dandridge*, 2 Va. Cas., 408; *People v. Wilson*, 64 Ill., 195; *State v. District Court*, 62 N. W. Rep. [Minn.], 831.)

The offense was a direct contempt, committed in presence of the court, and punishable without an information. (*People v. Wilson*, 64 Ill., 195; *Commonwealth v. Morgan*, 107 Mass., 199; *People v. Stapleton*, 33 Pac. Rep. [Colo.], 167; *Harrison v. State*, 35 Ark., 458; *In re Prior*, 18 Kan., 72; *Ex parte Terry*, 128 U. S., 290; *People v. Stapleton*, 18 Colo., 568; *State v. Morrill*, 16 Ark., 403; *Meyers v. State*, 22 N. E. Rep. [O.], 43.)

IRVINE, C.

The plaintiff in error was in the district court of Gage county, Judge Bush presiding, adjudged to be guilty of

contempt and sentenced to pay a fine of $100 and to be
imprisoned in the county jail in the cell thereof for the
period of ten days. The record discloses that the plaint-
iff in error is a member of the bar of Gage county, and
represented plaintiffs in error in three cases brought on
error to the district court from the county court. The
plaintiff in error in each case was a corporation. Le
Hane filed objections to the hearing of said cases at the
time when they had been set for hearing, for certain
reasons not necessary to here set forth. These objections
were by the court stricken from the files, whereupon
Le Hane filed a motion for a change of venue, which was
stricken from the files for the reason that it was unsup-
ported by any evidence or by statement of any reasons
therefor. Le Hane then filed a formal motion, supported
by his own affidavit, asking for an order transferring the
cases in question to Judge Babcock, the other judge of
the first district at that time, or to some other district
judge, on account of prejudice alleged to exist on the part
of Judge Bush against Le Hane and his clients. On the
presenting of this application, Judge Bush caused these
proceedings to be instituted, and, without information
filed, trial, or hearing, made the finding and imposed the
sentence complained of.

The nature of the motion has been stated. It merely
alleged prejudice in general terms. The affidavit of Le
Hane in support of the motion was to the following effect,
omitting portions which clearly could not have been con-
sidered by the district court as contemptuous or con-
nected with contemptuous conduct: That Le Hane had
frequently heard Judge Bush express himself against cor-
porations as being opposed to the interests of the general
public and the average individual; and that he believed
Judge Bush to be prejudiced in favor of individuals and
against corporations; that Le Hane had had cases in
which he had represented corporations or non-residents
as opposed to residents of Gage county, and believed that
Judge Bush in trying said cases was prejudiced against

Le Hane's clients because they were corporations or non-residents, and that such prejudice controlled his rulings to the detriment of Le Hane's clients.   Further the affidavit set forth that Le Hane for several months past had been chairman of the Gage county republican central committee, and that Judge Bush was a candidate for re-election as district judge on a ticket opposed to the republican ticket; that as chairman of such committee it was Le Hane's duty to and he did assist in publishing a supplement to the Beatrice *Times,* a copy of which is attached to the affidavit; that Judge Bush had been much exasperated by the publication of said supplement; that the evening that said supplement appeared Mr. Charles E. Bush, a son of Judge Bush, had made an assault upon the editor of said Beatrice *Times;* that later in the evening, Le Hane being in the office of the *Times* assisting in publishing said supplement, Judge Bush and his son were in the office of the newspaper and had full knowledge of Le Hane's connection with the supplement, and that at that time Mr. Charles Bush asked Le Hane where he expected to practice law after the 1st of January,—indicating by what he said that Le Hane would be unable to practice before Judge Bush.   Le Hane further averred in the affidavit that he had at no time "attempted to curry favor with said Judge J. E. Bush by indicating to him in any way that he was not in sympathy with the statements contained in the *Times;*" and that on the evening in question Le Hane had some controversy with Judge Bush in regard to that publication, in which Judge Bush said that the statements contained therein were untrue, and Le Hane insisted that they were true.   It is unnecessary to set forth any of the matter contained in the so-called "supplement" attached to the affidavit.   It is sufficient to say that the publication was, in general character, not unlike similar emanations from newspapers of various party affiliations, which have become, immediately preceding elections, so frequent that the toleration of their existence creates a serious doubt as to whether political

managers are properly inspired with respect for sound
public sentiment or the law of libel.

The finding on which the judgment of conviction was
based is "that the said affidavit, together with the supple-
ment of the Beatrice *Times*, which is attached and made
a part of said affidavit,   *   *   *   is of itself, by reason
of the contents therein contained, a contempt of this
court, and it is a direct and uncalled for and corrupt
charge, without any reason, against the court,   *   *   *
and that said affidavit and supplement   *   *   *   tends
to corrupt the administration of justice, and that it was
and is a reflection upon the honesty and integrity of the
court,   *   *   *   and that the filing and presenting to
the court by the defendant is a contempt of this court."
From this it appears that the court proceeded upon the
theory that the filing and presenting of the affidavit, with
the exhibit attached, was, because of the matter con-
tained therein, in itself contemptuous, and warranted
summary proceedings.    For acts contemptuous in their
character, committed in the presence of the court, the
court may inflict a summary punishment upon the of-
fender without information filed or trial; but when the
acts constituting a contempt are not committed in the
presence of the court, an information under oath must be
filed and the defendant is entitled to a trial of the facts
therein alleged. (*Gandy v. State*, 13 Neb., 445; *Ludden v.
State*, 31 Neb., 429; *Hawthorne v. State*, 45 Neb., 871.) It
is a necessary consequence of this rule that where the act
committed in the presence of the court is not of itself
contemptuous, but its character as such can only appear
through its connection with facts not so within the direct
personal cognizance of the court, an information is
equally necessary as where the whole act is committed
outside the court's presence. (*Thomas v. People*, 14 Colo.,
254.) A recurrence to this principle is necessary to a
proper consideration of the case before us.

The filing of a motion, supported by relevant proof, for
the purpose of having another judge hear the cases in

which Le Hane was engaged was not in and of itself a contemptuous or even an improper proceeding.  It is true that we have no express provision of law whereby a district judge is disqualified from sitting in a case because of bias or prejudice with regard to one of the parties.  Section 37, chapter 19, Compiled Statutes, provides that a judge is disqualified from acting as such except by mutual consent of the parties in any case wherein he is a party or interested, or where he is related to either party by consanguinity or affinity within the fourth degree, or where he has been of counsel for either party in the action or proceeding.  It will be observed that the basis of these grounds of disqualification is the presumption of prejudice arising from the facts.  Perhaps the section is exclusive in so far as it makes the disqualification in such cases absolute, though this we do not decide.  Section 61 of the Code provides that when it shall be made to appear to the court that the judge is interested or has been of counsel in the case or subject-matter thereof, or is related to either of the parties, or is otherwise disqualified to sit, the court may, on application of either party, change the place of trial to some adjoining county.  We do not refer to these sections as controlling the proceedings in the case before us, but merely for the purpose of showing that there is nothing unwarranted by our law in applications for a purpose similar to that here made.  Aside from these provisions, there are other provisions of the statute allowing judges of different districts to hold court for one another; and in the first district, where this action arose, there are two judges.  Where for any reason a case is of such a character that there would be any impropriety in the judge before whom it would in its orderly course go for trial, presiding at the trial thereof, there is certainly nothing improper, by a respectful application for that purpose, in calling the facts to the attention of the judge and requesting that another judge of that district, or of some other district, be called in to try the case.  Certainly if a prejudice of such a character as to prevent

an impartial hearing exist against either party to a case, that would be sufficient reason for such an application; and a statement made to the court in a respectful manner and in respectful language of the reasons for such a course, could not sustain a conviction for contempt. (*Hawes v. State*, 46 Neb., 149.) As in the case last cited, there is nothing in this record to show anything improper or disrespectful in the manner in which this application was made.

As to the matter of the application, whether or not it was contemptuous depended upon circumstances. The gist of it was that the plaintiff in error believed Judge Bush prejudiced generally against corporations to such an extent that his judicial conduct was influenced thereby; and further, that the plaintiff in error had published of and concerning Judge Bush matter which for the purposes of this case we may assume to have been grossly libelous in its character, and that Judge Bush had exhibited a very natural resentment on account thereof. Now the publication itself, as we have assumed, may have been a libel for which the plaintiff in error, under proper proceedings, should be punished. It may even have been a contempt of court. This we do not decide, because, if so, so far as the matter of the so-called supplement was concerned, the offense lay in its original publication; and if it was a contempt, it was constructive and could be punished only by trial on information. Having published it, to display it in support of the affidavit for a change of venue was not a contempt, at least if the application was made in good faith and the showing was made in an honest attempt to support the application with necessary proof. If objectionable matter was incorporated into the showing, not merely for its ostensible purpose of showing prejudice on the part of the judge, but also to reflect upon his honor, integrity, and character, the case might be different; but the presumption is that such proceedings were in good faith. Extrinsic evidence would have been necessary to establish

such an improper motive; and therefore an information and trial would be necessary to justify a conviction. These views are directly supported by *Thomas v. People*, 14 Colo., 254, and *Mullin v. People*, 15 Colo., 437.

To summarize the foregoing, a party to an action, or counsel, may in good faith apply to a judge before whom a case would naturally come on for hearing to have another judge try the case, because of prejudice on the part of the first judge which would prevent an impartial trial. Such an application, when presented in respectful language and in a respectful manner, is not in itself a contempt of court. Such an application must be supported by proof, and the tendering of proof in support thereof is not a contempt of court when offered in good faith for the purpose of establishing the judge's prejudice, and not for the purpose of reflecting upon his honor, integrity, or character. When such proof is of a documentary character, the proceeding is not rendered contemptuous, when it is so conducted in good faith, merely because documents introduced do reflect upon the character of the judge, and even though their original publication might have been contemptuous or criminal; and finally, in a summary proceeding for contempt the court cannot take notice of such original publication or of such improper motive in making the application. To reach these matters the proceeding must be on information as for constructive contempt.

REVERSED AND DISMISSED.