TJOSEVIG et al. v. UNITED STATES.*

(Circuit Court of Appeals, Ninth Circuit. January 6, 1919.)

No. 3167.

1. CONTEMPT ⊖2—ACTS CONSTITUTING CONTEMPT OF COURT—AFFIDAVITS FOR CHANGE OF VENUE.

The filing of an affidavit for change of venue or change of judge on the ground of bias or prejudice of the presiding judge, even where there is no statute authorizing change of venue, is not in itself a contempt of court, if done in good faith and in a proper manner.

2. CONTEMPT ⊖66(7)—REVIEW—JUDGMENT FOR CONTEMPT.

The Circuit Court of Appeals in a contempt case is limited to a review of matters of law, and cannot disturb a finding on the facts, if supported by any competent evidence.

In Error to the District Court of the United States for Division No. 1 of the District of Alaska; Robert W. Jennings, Judge.

Proceeding for criminal contempt against Christian Tjosevig and Martin J. Lund. Judgment of conviction, and defendants bring error. Reversed.

The plaintiffs in error, Tjosevig and Lund, were respectively client and attorney in an equitable suit pending at Juneau, in the District Court of Alaska. The client signed, and the attorney filed in court, an affidavit in which the following was stated: "That affiant is informed and verily believes that the plaintiff, T. J. Donohoe, is the national committeeman for the Democratic party for the territory of Alaska; that as such he controls the appointment of judges, or to a great extent influences all appointment and confirmation of judges; that he is a personal friend of the honorable judge of this court before whom this cause is pending; that such friendship is very intimate and of long standing, and that affiant is informed and verily believes that, prior to the appointment of the honorable judge of this district to the judgeship, said plaintiff spent his time in Washington City, at great personal expense and loss of time to himself, urging upon the President and Senate the appointment and confirmation of the honorable judge of this district; that affiant is informed and verily believes that the said plaintiff, by reason of such friendship and such political services rendered by the said plaintiff, Donohoe, for and on behalf of this honorable judge, claims and intends to thereby influence the decision of the court in this case in his favor; that affiant in no way intends to reflect upon the honor or integrity of the honorable judge of this district, but owing to the circumstances above set forth he feels that he is at a disadvantage in submitting the issues of facts in this case to the decision of said honorable judge, and therefore asks that the issues of facts be submitted to the determination of the jury, and in event that that is denied affiant asks and demands that some other judge be called in to hear and determine said *costs*." With the affidavit a motion was presented that the issues of fact in the suit be submitted to a jury, or that the cause be transferred to some other judge for trial, or that some outside judge be called in to try the same. Thereupon the court ordered plaintiffs in error to appear and show cause why they and each of them should not be adjudged guilty of contempt of court in making, filing, and presenting said affidavit. It was

---

⊖For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

*Rehearing denied May 12, 1919.

charged in the order, and upon the hearing it was found, that the affidavit was intended to obstruct and embarrass the administration of justice in said cause, and to scandalize and degrade the court; that it was not filed in good faith, but was for the purpose of intimidating and influencing the court; and that the filing of the same constituted contempt of court. The plaintiffs in error were each adjudged guilty of contempt of court, and fined each in the sum of $100 and costs.

John Rustgard, of Juneau, Alaska, for plaintiffs in error.

James A. Smiser, U. S. Atty., and John J. Reagan, Asst. U. S. Atty., both of Juneau, Alaska.

Before GILBERT and HUNT, Circuit Judges, and WOLVERTON, District Judge.

GILBERT, Circuit Judge (after stating the facts as above). [1] The defendant in error contends that the filing of an affidavit in the district of Alaska, alleging prejudice or bias of a judge of the district, of itself constitutes contempt of court, and cites In re Jones, 103 Cal. 397, 37 Pac. 385, and Johnson v. State, 87 Ark. 45, 112 S. W. 143, 18 L. R. A. (N. S.) 619, 15 Ann. Cas. 531, in which it was held that an affidavit filed for the purpose of disqualifying a judge on account of alleged prejudice or bias, or for the purpose of changing venue, is contempt of court, in the absence of a statute rendering such prejudice or bias ground for such a motion. Upon principle, and upon a careful consideration of the few adjudicated cases concerning the question, we think that the reasonable view is as it is expressed in 6 R. C. L. 494:

"An attorney may in a proper case, in a respectful manner, as, for example, on an application for change of venue, allege that the judge is prejudiced against his client, and unless the act is done with reckless disregard of truth, or with the express intention to reflect upon the honor and integrity of the judge, it is not a contempt."

There is no statute of Alaska authorizing change of venue on the ground of the prejudice or bias of a judge. On March 3, 1911 (Judicial Code [36 Stat. 1090, c. 231] § 21 [Comp. St. § 988]), Congress made provision that upon a showing by affidavit that the judge before whom an action or proceeding is to be tried has a personal bias or prejudice against a party or in favor of any opposite party to the suit, such judge shall proceed no further therein, but another judge shall be designated to hear such matter. That statute is by its terms made applicable only to the District Courts of the United States, and it does not extend to a territorial court. But it is important to be considered here as embodying the deliberate expression of the mind of Congress that such a step is proper in judicial procedure. To hold that the filing of an affidavit for change of venue or change of judge on the ground of prejudice and bias is proper and permissible in all jurisdictions where by statute such prejudice or bias is recognized as ground for disqualification, but that in other jurisdictions it is per se contempt of court, involves a process of reasoning which we are unable to follow.

We think the true rule is stated in Le Hane v. State, 48 Neb. 105, 66 N. W. 1017, where, notwithstanding, as the court said, there was no express provision of the law of Nebraska whereby a judge was disqualified from sitting in a case because of bias or prejudice with regard to one of the parties, it was held that it is the right of a party and of his counsel to apply to the judge before whom a case is pending for the purpose of having another judge try the case because of prejudice of the first judge which would prevent an impartial trial, and that the presenting of such an application in respectful language and in a respectful manner is not of itself contempt of court. In the present case it is not alleged or shown that there was anything improper or disrespectful in the manner in which the application was made.

It remains to be considered whether the circumstances attending the filing of the affidavit and the evidence adduced as to the intention of the accused are such as to justify the judgment. There was no formal charge of contempt. The charge recited in the order to show cause is that the motion and affidavit contain defamatory and scandalous matter, reflecting upon the integrity and judicial fitness and fairness of the judge, and that it was intended to intimidate the judge of the court, and was calculated and intended to obstruct and embarrass the court in the administration of law and justice. It is not charged that the affidavit contained matter that was false. The plaintiffs in their answer alleged that the motion and affidavit were made in good faith and upon the honest belief that they were necessary for the protection of the rights of the defendants in the action. Each of the plaintiffs in error was examined before the court as to the circumstances under which the affidavit was made and filed, and their purpose in filing it, and both disclaimed any ulterior or improper motive in so doing. The court found, not only that the matters set up in the affidavit were defamatory and scandalous, but that they were false, and were intended to obstruct and embarrass the administration of justice, and that the filing and presentation thereof were not in good faith, but were done for the purpose of intimidating the court, and influencing it, through fear of possible criticism and the charge of partiality. There was no evidence that the actual intent with which the affidavit was presented was other than that which the plaintiffs in error declared it to be. The judge asked the plaintiff in error Lund:

"Q. Has it ever occurred to you that there are some students of human nature who think the way to intimidate a judge and get rulings in their favor is to play upon the supposed timidity of the judge—to let the judge know that this is a case between one of his friends and somebody that he does not know, and that, if the judge does not decide the case in favor of the person he does not know, that the lawyer or the community will hold him up as partial to his friends, and therefore, in order not to be partial to his friends, or to have that insinuation, he will do an injustice to his friends—you know there are such lawyers, don't you? A. There may be—there may be, but I am not one of them. I do not practice law that way. All that was in my mind, I wanted to guard against the unconscious influence that your friendship with Donohoe might have upon you; that is all I had in my mind. I did not come up here to interfere in any way. I am strictly here attending to my own business, and if I have gone too far here it was entirely unintentional on my part."

[2] This is a case of criminal contempt, and in such a case it is the rule that the trial court must be convinced of the guilt of the accused beyond a reasonable doubt. But in this court on review the finding of the court below will not be disturbed in a case where there is any competent evidence to support it, since the power of this court in contempt cases is limited to a review of questions of law. Bessette v. W. B. Conkey Co., 194 U. S. 324, 328, 24 Sup. Ct. 665, 48 L. Ed. 630. If there is anything in the record which tends to support a finding of improper intent, it is the fact that the allegation in the affidavit that Donohoe "by reason of such friendship and such political services * * * for and on behalf of this honorable judge claims and intends to thereby influence the decision of the court in this case in his favor" is unsupported by any evidence that Donohoe had made such a claim or had expressed such an intention. While the writer of this opinion is inclined to the view that this absence of evidence of Donohoe's actual claim or intention is sufficient to sustain a finding that the affidavit was contemptuous, for the reason that the natural effect of such a charge might be to prejudice the judge against Donohoe, the other party to the suit, who was alleged to claim and intend to influence the judge in his favor as the reward of friendship and political services, and thus obstruct the administration of justice in the case so pending, the majority of the court think otherwise, and are of the opinion that that portion of the affidavit was but the expression of the apprehension and suspicion in the mind of the affiant, because of information which he said had been carried to him, and which he detailed, and that the honesty of the affiant is shown by his further statement that he disavows any intention to reflect upon the honor or integrity of the judge, but "owing to the circumstances above set forth he feels that he is at a disadvantage in submitting the issues of fact in this case to the decision of said honorable judge," and that the embarrassment which he felt was only such as most laymen would feel under similar circumstances.

The judgment is reversed.