## MILLSLAGLE v. OLSON, Warden of Nebraska State Penitentiary.

### No. 12064.

Circuit Court of Appeals, Eighth Circuit.

June 17, 1942.

Rehearing Denied Aug. 31, 1942.

1016

See, also, 8 Cir., 125 F.2d 546.

Before STONE, GARDNER, and RIDDICK, Circuit Judges.

PER CURIAM.

By order, entered upon a per curiam opinion, this appeal was dismissed because no certificate of probable cause was made as required by statute (28 U.S.C.A. § 466), the appeal being from denial of the writ of habeas corpus seeking release from imprisonment in a State penitentiary for violation of State law. The present matters consist of: (1) an affidavit of prejudice, (2) "Statement in forma pauperis", (3) a request for appointment of counsel and (4) a motion for rehearing.

■■■ (1) The affidavit of prejudice seeks to disqualify not only the above three Judges who made up the Court entering the above order of dismissal, but all of the active and retired Judges of this Court. It includes even one Judge who has been dead for more than three years. The statute (Title 28 U.S.C.A. § 25), of which appellant seems to be trying to avail himself, does not apply to courts of appeals. Duke v. Committee, etc., 65 App.D.C. 284, 82 F.2d 890, 895; Kinney v. Plymouth Rock Squab Co., 1 Cir., 213 F. 449, and see Tjosevig v. United States, 9 Cir., 255 F. 5, 6. Even if the statute were applicable, this affidavit is fatally defective in statement of "the facts and the reasons for the belief" of prejudice and is not filed in time. It fails to comply with the statutory requirements (Title 28 U.S.C.A. § 25) in each of those vital respects. The affidavit of prejudice is denied.

■■■ (2) The "Statement in forma pauperis" is in affidavit form and seeks "leave to file and proceed with the attached Motion for rehearing as an impecunious person." Heretofore, appellant has been granted leave (by the trial court) to prosecute his appeal in forma pauperis; and this Court has granted leave to present his appeal upon typewritten record and briefs. Such leave by this Court includes any motion for rehearing. Granting the presently sought leave could add nothing since appellant has now the right he is thus seeking. For the sole purpose of disposing of this matter, this leave is denied without prejudice to appellant proceeding in forma pauperis under the leave heretofore granted.

■■■ (3) The request for appointment of counsel is granted and the Court will endeavor to secure such counsel resident at or near Lincoln, Nebraska, so that such counsel may conveniently confer with appellant.

■■■ In connection with the action of counsel to be useful to appellant, a situation is present which suggests attention. That situation is caused by the circumstance that appellant has now filed a motion for rehearing. Under the Rules of this Court (Rule 18, § 3), "The sole purpose of a petition for rehearing is to call attention to material matters of law or fact inadvertently overlooked by the court, as shown by its opinion. Mere reargument of issues determined by the opinion will be entirely disregarded." Also, such petition is entirely exparte (Rule 18, § 1) and is not "permitted to be argued, unless a judge who concurred in the judgment desires it, and a majority of the court so determines" (Rule 18, § 2). These limitations of this Rule and the fact that appellant has filed his petition for rehearing, create a situation where counsel could now be of slight use to appellant. However, the Court appreciates that appellant has been trying to conduct his appeal with little knowledge of procedure and with no or with very incompetent advice. Therefore, the Court will, after counsel has been appointed and upon his motion, consider extension of the time for filing a petition for rehearing in order

that appellant may have the advantage of the advice of counsel in framing such petition. If such request is made, a petition for rehearing prepared with advice of counsel may be filed as in addition to or in place of the petition now filed by appellant.

(4) In view of what has been just above stated, the petition for rehearing filed by appellant will not be determined at this time.