George L. Ginger, Detroit, Mich., in pro. per., for appellants.

Allan B. Schmier, Detroit, Mich., Schmier & Schmier, Detroit, Mich., on the brief, for appellee.

Before MARTIN, MILLER and STEWART, Circuit Judges.

**George L. GINGER et ux., Appellants,**

v.

**Avern COHN, Trustee in Bankruptcy of Ginger Machine Products Corporation, Bankrupt, Appellee.**

**No. 13366.**

United States Court of Appeals
Sixth Circuit.

April 22, 1958.

PER CURIAM.

This cause came on to be heard on the appeal of George L. Ginger and wife, Aurelia Ginger, from an order of the United States District Court dismissing their petition for review of the decision of the Referee in Bankruptcy, disallowing their claims in re Ginger Machine Products Corporation, Bankrupt. At the hearing on appeal, appellant George L. Ginger, an attorney, appeared for appellants and the Trustee in Bankruptcy appeared by his attorney. The case has been duly considered upon the oral arguments of the attorneys, upon their respective briefs, and upon the record in the cause—after denial, however, of appellants' motion to implement the record by what we deemed to be immaterial records and documents.

Upon analysis, the issue presented resolved to the question whether or not the Referee in Bankruptcy should have proceeded with the hearing on objections to the claims of petitioner while a motion, with affidavit of prejudice attached, to recall the order of reference was pending.

We agree with the contention of the referee that a referee in bankruptcy is not subject to the statute providing for the disqualification of a *district judge*, when a timely and sufficient affidavit of prejudice is filed against him. U.S.C.A., Title 28, § 144. The statute in express

**100**

terms applies only to a district judge. It has directly been held that this statute does not apply to a circuit court of appeals, in Millslagle v. Olson, 8 Cir., 128 F.2d 1015; nor to appellate tribunals. Kinney v. Plymouth Rock Squab Co., 1 Cir., 213 F. 449. Nor does it apply to a territorial court. Tjosevig v. United States, 9 Cir., 255 F. 5.

In view of its limitation to district judges, there is no right to extend it by what would be judicial legislation to referees in bankruptcy.

The judgment of the district court is affirmed.