UNITED STATES of America, Appellee,

v.

Leslie SCHMIDT and Alana Schmidt.

Appeal of Leslie SCHMIDT.

No. 78–2459.

United States Court of Appeals, Third Circuit.

Argued June 8, 1979.

Decided Aug. 27, 1979.

Frederick W. Thieman, Asst. U. S. Atty. (argued), Robert J. Cindrich, U. S. Atty., Stephen I. Goldring, Asst. U. S. Atty., Pittsburgh, Pa., for appellee.

Michael A. Young (argued), Paul A. Goldberger, Goldberger, Feldman & Dubin, New York City, for appellant.

Before HUNTER, WEIS and GARTH, Circuit Judges.

## OPINION OF THE COURT

### I.

JAMES HUNTER, III, Circuit Judge:

The appellant, Leslie Schmidt, pled guilty to conspiracy to manufacture and distribute methamphetamine, 21 U.S.C. § 846 (1976), manufacturing methamphetamine, *id.* § 841(a)(1), and possessing methamphetamine with intent to distribute. *Id.*[1] On this direct appeal,[2] Schmidt alleges that his motion for a suppression hearing was improperly denied[3] and that his guilty plea colloquy did not conform to the requirements of Rule 11 of the Federal Rules of Criminal Procedure. The district court's denial of the suppression hearing will be reversed. We need not reach the question of whether the guilty plea colloquy was conducted in conformity with Rule 11.[4]

1. A sentence of ten years imprisonment and three years special parole was imposed on each of the three counts, with the sentences to run concurrently. In *United States v. Mearns,* 599 F.2d 1296 (3d Cir. 1979), we held that the special parole term could not be imposed under 21 U.S.C. § 846 (the conspiracy statute). In view of our disposition of this appeal, however, the propriety of the sentence imposed by the district court on the conspiracy count is a moot issue.

2. Schmidt entered his guilty plea "with the condition that there be preserved appellate rights on the pretrial matters . . ." Transcript at 2, Appellant's Appendix at A011. The two matters involved were the denial of Schmidt's motion for a suppression hearing and the denial of his motion for disqualification of the trial judge. We approved the use of the conditional guilty plea in *United States v. Zudick,* 523 F.2d 848 (3d Cir. 1975), and in *United States v. Moskow,* 588 F.2d 882 (3d Cir. 1978), which involved the denial of a motion to suppress. We find the appeal on these two issues to be properly before us now.

3. Schmidt also alleges that the district court acted unconstitutionally in punishing him for failing to cooperate with the government, that the district court erred in imposing separate sentences on counts two and three, since those counts were allegedly merged, (but *see United States v. Gomez,* 593 F.2d 210 (3d Cir. 1979) (en banc)) and that the district court's summary denial of Schmidt's and his wife's request for separate counsel violated Schmidt's constitu-

tional right to assistance of counsel. We need not decide these claims as they are mooted by our disposition of the suppression issue.

4. Schmidt has alleged five violations of the rule: first, that the judge erred by failing personally to inform him of the penalties for the crimes to which he was pleading guilty; second, that the judge incorrectly advised him of the maximum and minimum sentences which he could receive; third, that the judge informed him that the sentences on counts 2 and 3 could run consecutively; fourth, that the judge failed to inform him of his privilege against compelled self-incrimination; and fifth, that the judge failed to inform him that a mandatory special parole term would attach to any sentence imposing a term of imprisonment.

Schmidt contends that he should be permitted to withdraw his guilty plea because of these alleged errors by the court in conducting the colloquy required by Rule 11. However, since Schmidt's guilty plea was conditional, and since we have found merit in his appeal in regard to the denial of the suppression hearing, the guilty plea will be effectively withdrawn by our disposition. Accordingly, although Schmidt's contentions with respect to at least his second and fifth claims appear to be valid, we need not reach the merits of these claims or of Schmidt's other challenges to the colloquy. Should Schmidt decide to enter a guilty plea after the suppression hearing, we are confident that the requirements of Rule 11 will be met. In this regard, *Roberts v. United States,* 491 F.2d 1236 (3d Cir. 1974); *McCarthy v. United*

## II.

There are no disputed facts. On June 15, 1978 Schmidt and his wife were charged in a three count indictment. They initially decided to be represented by the same counsel, but later sought to secure separate counsel. This motion was denied. Prior to trial, Schmidt moved to suppress certain items of physical evidence which had been seized by DEA agents on June 29, 1976. After the denial of this motion, Schmidt entered a guilty plea. His wife went to trial and was subsequently acquitted.

## III.

 Schmidt contends that the district court erred in denying his motion for a suppression hearing. The court's rationale was that it had previously denied a suppression motion by Schmidt's co-conspirators which challenged the same search to which Schmidt objected, and that Schmidt had no new evidence to offer. We believe, however, that it is elemental that a defendant may not be denied a suppression hearing solely on the basis of a previous hearing to which the defendant was not a party, unless there is a showing that the defendant had stipulated to or acquiesced in the trial court's reliance on the transcript of the prior hearing. The result we reach squares with the holding of the Ninth Circuit in *United States v. Thoresen,* 428 F.2d 654 (9th Cir. 1970). There, a husband and wife were indicted for transporting firearms in violation of the Federal Firearms Act. In pretrial proceedings they sought to suppress certain physical evidence. All counts of the indictment against Mrs. Thoresen were then dropped, so that the suppression hearing only involved her husband. The indictment was subsequently dismissed as to Mr. Thoresen. The defendants were later reindicted and again moved to suppress. The trial court denied this motion, stating that the issue had already been decided in the prior hearing. On appeal the court held that Mrs. Thoresen could not be denied a suppression hearing on the basis of the earlier hearing to which she had not been a party, unless there was a showing that she had agreed to be bound by that hearing.[5] *Id.* at 667.

## IV.

 Finally, Schmidt claims that any further proceedings in this case should be assigned to a different district court judge. In *United States v. Grinnell Corp.,* 384 U.S. 563, 86 S.Ct. 1698, 16 L.Ed.2d 778 (1966), the Court observed that there must be prejudice or bias on the part of the trial judge before he is obligated to recuse himself. "The alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *Id.* at 583, 86 S.Ct. at 1710. Appellant Schmidt does not allege any bias or partiality which was acquired from an outside source. Indeed, there is no indication of bias of any sort. That the judge was involved in earlier stages of the case is, standing alone, an insufficient reason to require recusal. *See Mayberry v. Moroney,* 558 F.2d 1159, 1162 (3d Cir. 1977).

## V.

The court erred in denying Schmidt's request for a suppression hearing. Accordingly, the ruling of the district court on the motion to suppress will be reversed. This in turn will require that Schmidt's sentences be vacated.

---

*States,* 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969) and *Paige v. United States,* 443 F.2d 781 (4th Cir. 1971) should prove instructive.

**5.** *McKinney v. Alabama,* 424 U.S. 669, 96 S.Ct. 1189, 47 L.Ed.2d 387 (1976), is also instructive. In that case, the state court denied defendant a hearing to determine the obscenity of a book,

holding that this issue had previously been determined in a civil proceeding to which defendant had not been a party. The Supreme Court reversed defendant's conviction, holding that he was entitled to his own hearing on the issue since he was neither party nor privy to the other proceeding.