**In the Matter of PRITCHARD & BAIRD, INC., et al, Debtor(s).**

**CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON, et als, Plaintiffs,**

**v.**

**The TRUSTEES IN BANKRUPTCY OF PRITCHARD & BAIRD, INC., et al, Defendants.**

**Bankruptcy No. B–75–3202.**

United States Bankruptcy Court, D. New Jersey.

Oct. 1, 1981.

---

Sills, Beck, Cummis, Radin & Tischman by Thomas J. Demski, Newark, N.J., for Fortress Re., Inc.

Pellettieri, Rabstein & Altman by Richard M. Altman, Princeton, N.J., for Horace Mann Ins. Co.

Shanley & Fisher by A. Dennis Terrell, Newark, N.J., for Capitol Indem. Corp.

Francis & Berry by Hugh P. Francis, Morristown, N.J., for the trustees in bankruptcy.

Riker, Danzig, Scherer & Hyland by James S. Rothschild, Newark, N.J., for Certain Underwriters at Lloyd's of London, et als.

## OPINION

VINCENT J. COMMISA, Bankruptcy Judge.

Defendants Fortress Re., Inc., Capitol Indemnity Corporation and Horace Mann Insurance Company have filed a joint motion seeking an order of recusal by the Court.

The motion is brought on at the direction of the Court as counsel for the moving parties had, at earlier hearings in this matter, expressed some concern that the Court's extensive knowledge of the business affairs and alleged frauds of the Pritchard family might affect the Court's judgment in the matter, presently pending before it, which concerns the recission of certain errors and omissions policies covering the Pritchard & Baird reinsurance intermediaries.

In their moving brief, the movants state,

"No suggestion is made that the Court is biased or prejudiced against any of the litigants. Thus, the moving parties will not present affidavits accusing the Court of improper behavior, for none is claimed."

The basis for their application is that they are

". . . concerned, however, that the Court in its efforts to preserve the bankrupt estate has delved so deeply into the alleged transgressions of the Pritchard sons and has viewed so closely the effects on the Pritchard corporations of these transgressions, that the Court's objectivity may be clouded with any issue arguably related to the alleged frauds. This is not so much a matter of bias as it is one of Human fallibility."

They further suggest that the Court's intense involvement in the case may prevent it from "viewing dispassionately" the subject matter of the case, and that

"In addition, the Court may know and therefore subconsciously consider facts which are not part of the record created when this case is tried."

**18**

The Pritchard & Baird companies filed a petition for arrangement under Chapter XI of the old Bankruptcy Act in December 1975 and were eventually adjudicated bankrupts on January 28, 1976. Chapter XI petitions were also filed on behalf of Charles H. Pritchard, Jr. and William Pritchard. Both individuals were also adjudicated bankrupts. During the course of preserving and administering the various estates, the respective trustees in bankruptcy and the debtors became involved in extensive litigation before the Court. Numerous appeals were taken from the decisions rendered by this Court and, in every instance, they were sustained.

The present action does not involve the Pritchards individually, but is an action wherein Certain Underwriters at Lloyd's of London, et als, seek recission of certain errors and omissions policies issued to the bankrupt Pritchard & Baird reinsurance brokerage companies. The plaintiffs therein contend that said policies were procured through the fraud of certain officers, directors, employee and agents of the insured corporations and, but for such fraud and concealment, the policies would not have been issued.

It has been suggested that 28 U.S.C. § 144, which deals with bias or prejudice of a district court applies here. In *Ginger v. Cohn*, 255 F.2d 99 (6th Cir. 1958), it was held that 28 U.S.C. § 144 does not apply to a referee in bankruptcy. See also *Millslagle v. Olson*, 128 F.2d 1015 (8th Cir. 1942), holding that 28 U.S.C. § 144 is inapplicable to the circuit court of appeals, and *Tjosevig v. United States*, 255 F. 5 (9th Cir. 1919), wherein it was decided that 28 U.S.C. § 144 is inapplicable to a territorial court.

The relevant statutory enactment is 28 U.S.C. § 455, Disqualification of justice, judge, magistrate or referee in bankruptcy, as amended December 5, 1974. Pub.L. 93–512, § 1, 88 Stat. 1609. The 1978 amendment omitting references to referees in bankruptcy is inapplicable herein. See Pub.L. 95–598, §§ 214, 402(c), 403(a), 92 Stat. 2661, 2682, 2683.

28 U.S.C. § 455 pertinently provides as follows:

"(a) Any justice, judge, magistrate or referee in bankruptcy of the United States shall disqualify himself in any proceeding in which his impartiality might be questioned.

(b) He shall disqualify himself in any of the following circumstances:

(1) Where he has a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding."

The balance of the operative portion of 28 U.S.C. § 455 concerns narrow factual situations, not relevant here.

In this event, the test for recusal under 28 U.S.C. § 455 is the same as under 28 U.S.C. § 144, see *Johnson v. Trueblood*, 629 F.2d 287, 290 (3rd Cir. 1980) *cert. den.* 450 U.S. 999, 101 S.Ct. 1704, 68 L.Ed.2d 200 (1981). There, the court stated that only extrajudicial conduct required disqualification. The court cited the leading case of *United States v. Grinnell Corp.*, 384 U.S. 563, 580–583, 86 S.Ct. 1698, 1708–1710, 16 L.Ed.2d 778, where it was stated that:

"the alleged bias and prejudice, to be disqualifying, must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *Id.* p. 583, 86 S.Ct. p. 1710.

Since the movants clearly state in their brief that "No suggestion is made that the Court is biased or prejudiced against any of the litigants", no further consideration of the criteria is necessary. The second criteria for recusal based upon a judge's personal knowledge of disputed evidentiary facts is also inapplicable here. The facts learned by a judge in his judicial capacity cannot be the basis for disqualification, *United States v. Patrick*, 542 F.2d 318 (7th Cir. 1976) *cert. den.* 430 U.S. 931, 97 S.Ct. 1551, 51 L.Ed.2d 775 (1977); *United States v. Bernstein*, 533 F.2d 775 (2d Cir. 1976) *cert. den.* 429 U.S. 998, 97 S.Ct. 523, 50 L.Ed.2d 608 (1976), and it is insufficient to allege without more that a judge should recuse himself because he is familiar with the factual and procedural background of a

case by being involved in previously related cases, *Weber v. Garza*, 570 F.2d 511 (5th Cir. 1978), or that he was involved in earlier stages of the case. *United States v. Schmidt*, 604 F.2d 236 (3rd Cir. 1979); *Mayberry v. Maroney*, 558 F.2d 1159 (3rd Cir. 1977).

The thrust of the movant's motion is that the Court, having heard so much evidence as to the fraud of the Pritchard brothers, may because of "Human fallibility" cloud its objectivity with respect to any issue it might decide if same is related to said frauds. In effect, they are concerned that "the Court may know and therefore subconsciously consider facts which are not part of the record created when this case is tried."

The concern over human fallibility and detached impartiality was dealt with by Circuit Judge Frank in the matter of *In re J. P. Linahan, Inc.*, 138 F.2d 650 (2d Cir. 1943), wherein he stated that:

"Democracy must, indeed, fail unless our courts try cases fairly, and there can be no fair trial before a judge lacking in impartiality and disinterestedness. If, however, 'bias' and 'partiality' be defined to mean the total absence of preconceptions in the mind of the judge, then no one has ever had a fair trial and no one ever will." *Id.* p. 651.

Equally pertinent is the language used by Judge Major in the case of *Tucker v. Kerner*, 186 F.2d 79, 84 (7th Cir. 1950), where he stated that:

" . . . Every member of this Court, every member of any court, every judge, when he hears a case or writes an opinion must form an opinion on the merits and, oft times, no doubt an opinion relative to the parties involved. But this does not mean that the judge has "a personal bias or prejudice". If it did, the disqualification of judges would be a matter of every day rather than the unusual and extraordinary occurrence which the statute is designed to meet." *Id.* p. 84.

■ It is clear from the above that subjective opinions as to the appearance of impartiality or mere apprehension of impartiality based upon alleged human fallibility are not enough, without more, to justify recusal.

■ Any apprehension that the Court's rulings might be swayed by facts not part of the record in the coming trial, or any incorrect decision rendered based upon such facts, is misplaced as the litigants can resort to the appellate process to correct same. But such misapprehensions cannot be considered as grounds for recusal.

The grounds for recusal must be of a character to seriously impair the Court's impartiality and so clearly obvious and sufficient enough to overcome the presumption of the Court's integrity. *Berger v. United States*, 255 U.S. 22, 23, 41 S.Ct. 230, 231, 65 L.Ed. 481 (1921); *Bumpus v. Uniroyal Tire Co.*, 385 F.Supp. 711 (E.D.Pa.1974).

Considering the above, it is the ruling of this Court that the motion for recusal is denied.

Submit an order in accordance with the above Opinion.