**In re Robert J. ERCHAK, Debtor.**

**Civ. A. No. 3:93CV45.**
**Bankruptcy No. 93–30432.**

United States District Court,
N.D. West Virginia.

Nov. 10, 1994.

Robert J. Erchak, Bunker Hill, WV, pro se.

Debra A. Wertman, Asst. U.S. Trustee, Charleston, WV.

R. Scott Clarke, U.S. Dept. of Justice, Tax Div., Washington, DC, for I.R.S.

### MEMORANDUM OPINION AND ORDER AFFIRMING THE BANKRUPTCY COURT ORDER DENYING THE MOTION TO RECUSE

STAMP, Chief Judge.

#### I. *Procedural History*

On July 20, 1993, the appellant/debtor, Robert J. Erchak, filed an Affidavit of Bias and Prejudice Concerning Bankruptcy Judge L. Edward Friend, II seeking to recuse Judge Friend. On July 28, 1993, the motion to recuse was denied. On August 5, 1993, the appellant filed a notice of appeal for the order denying the recusal of the bankruptcy judge. On September 15, 1993, this Court received the certificate and the designated record on appeal from the Bankruptcy Clerk. Pursuant to Bankr.R. 8007(b), this Court entered the appeal on the docket and gave notice to all parties that the appeal was docketed on September 28, 1993.[1] On June 3, 1994, this Court directed the appellant to file his brief by June 24, 1994, appellees to respond by July 22, 1994 and appellant to reply by August 5, 1994. The appellant never filed a brief in support of this appeal. This Court notes that the appellant did file a brief referencing the June 3, 1994 order in a parallel appeal, Civil Action 3:93CV52. While this memorandum references the June 3, 1994 order, the brief does not address the issues raised on this appeal. The brief of appellee, the United States, was filed on July 22, 1994 and the brief of appellee, United States Trustee, was filed this same day. The appellant did not file a reply.

This Court has reviewed the applicable law, the brief filed in Civil Action No. 3:93CV52, and the briefs in opposition to this appeal. For the reasons discussed below, this Court finds that the bankruptcy court's order denying the motion to recuse should be affirmed.

#### II. *Jurisdiction and Standard of Review*

 This Court has jurisdiction over this bankruptcy appeal pursuant to 28 U.S.C.

§ 158(a) and Bankr.R. 8001. This Court has reviewed the factual findings by the bankruptcy judge under a clearly erroneous standard of review, Bankr.R. 8013, and has reviewed the conclusions of law under a *de novo* standard of review. *In re Campbell,* 812 F.2d 1465, 1467 (4th Cir.1987). The order denying the motion to recuse was reviewed for abuse of discretion. *In re American Ready Mix, Inc.,* 14 F.3d 1497 (10th Cir.1994).

#### III. *Facts*

On July 6, 1992, the appellant filed his first voluntary Chapter 11 petition, Bankruptcy Case No. 92–30807. On November 6, 1992, the Bankruptcy Court held a hearing regarding several outstanding motions. On November 12, 1992, the court entered an order *sua sponte* dismissing the appellant's Chapter 11 petition. On November 18, 1992, the appellant filed a Motion to Amend or Make Additional Findings of Fact Pursuant to Rule 7052(b). This was followed, on November 23, 1992, by a Motion to Alter or·Amend the Judgment Pursuant to Rule 9023. On December 18, 1992, a hearing was held concerning the Motion to Amend the Judgment. On January 7, 1993, the Bankruptcy Court issued an order declining to amend its original ruling and finding that the Chapter 11 petition was filed in bad faith. The appellant did not appeal the January 7, 1993 order dismissing the petition. On March 5, 1993, the case was closed.

On April 27, 1993, the appellant filed another voluntary petition under Chapter 11, Bankruptcy Case No. 93–30432. On July 20, 1993, the appellant filed an Affidavit of Bias and Prejudice Concerning Bankruptcy Judge L. Edward Friend, II. The appellant contended that Judge Friend was biased and requested that he be removed from the case pursuant to 28 U.S.C. § 144. Judge Friend denied the motion to recuse on July 27, 1993. It is this order that is under appeal.

#### IV. *Discussion*

 This Court first notes that Bankruptcy Judge Friend was correct in stating

---

1. Bankr.R. 8009 states that "unless the district court ... by local rule or by order excuses the filing of brief or specifies different time limits:

(1) the appellant shall serve and file a brief within fifteen days after the entry of the appeal on the docket pursuant to Rule 8007."

that 28 U.S.C. § 144 does not apply to bankruptcy judges. *See In re Norton*, 119 B.R. 332 (Bankr.N.D.Ga.1990) (citing *Ginger v. Cohn*, 255 F.2d 99 (6th Cir.1958) (stating that "a referee in bankruptcy is not subject to the statute providing for the disqualification of a district judge, when a timely and sufficient affidavit of prejudice is filed against him. 28 U.S.C. § 144")). The bankruptcy court properly considered the request for recusal a motion pursuant to 28 U.S.C. § 455.

The Fourth Circuit Court of Appeals has held that 28 U.S.C. § 455 requires disqualification "if a reasonable factual basis exists for doubting the judge's impartiality ... the inquiry is whether a reasonable person would have a reasonable basis for questioning the judge's impartiality, not whether the judge is in fact impartial." *In re Beard*, 811 F.2d 818 (4th Cir.1987) (citing *Rice v. McKenzie*, 581 F.2d 1114 (4th Cir.1978)). *See also United States v. Nelson*, 718 F.2d 315, 321 (9th Cir.1983).

In discussing what could lead to bias requiring a recusal, the court in *Beard* stated that:

> [t]he alleged bias must arise from an extra-judicial source. It must result in an opinion on the merits on a basis other than that learned by the judge from his participation in the matter ... The nature of the judge's bias must be personal and not judicial ... A judge is not disqualified because his familiarity with the facts of a case stem from his judicial conduct in presiding over earlier proceedings.

*Id.* at 827 (citing *United States v. Grinnell Corporation*, 384 U.S. 563, 86 S.Ct. 1698, 16 L.Ed.2d 778 (1966); *Shaw v. Martin*, 733 F.2d 304 (4th Cir.1984); *United States v. Parker*, 742 F.2d 127 (4th Cir.1984)).

In the affidavit of bias and prejudice concerning Bankruptcy Judge L. Edward Friend, II, the appellant alleges that several rulings by the bankruptcy judge and the lack of rulings on several other motions demonstrate bias. The appellant also alleges that Judge Friend as an employee of the United States Government would favor the appellee, another "employee" of the United States Government. The former contention was addressed by the Fourth Circuit in

*Beard.* The Court stated that the bias must arise from an extra-judicial source. Adverse rulings or the lack of rulings on motions are clearly not extra-judicial. Therefore, the first contention does not require a recusal under 28 U.S.C. § 455. As for the latter contention, this Court notes, as the U.S. Trustee pointed out, that if federal judges were considered to be biased in favor of their employer then no federal judge would ever be qualified to hear a case in which the United States or any of its agencies were a party. Moreover, the appellant has not submitted evidence, nor even alleged, that the bankruptcy judge's decisions were affected by anything other than the evidence presented by the parties. Therefore, this Court finds that the bankruptcy judge's order denying the motion to recuse was not an abuse of discretion. Accordingly, the order denying the motion to recuse should be and hereby is AFFIRMED and this bankruptcy appeal is DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.