In re Robert Jeffrey JOHNSON,
Debtor.

Susan L. Rhiel, Plaintiff

v.

Kathleen D. Hook, Defendant.

Bankruptcy No. 06–51887.
Adversary No. 08–2114.

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

June 25, 2009.

124

Christy Prince, Kegler, Brown, Hill & Ritter, LPA, Larry J. McClatchey, Columbus, OH, for Plaintiff.

Susan L. Rhiel, Columbus, OH, pro se.

Arnold S. White, Columbus, OH, for Defendant.

## ORDER ON MOTION TO RECUSE

C. KATHRYN PRESTON, Bankruptcy Judge.

This cause came on for consideration of the Motion to Recuse (Doc. # 40) filed by Kathleen Hook, the defendant in the above captioned adversary proceeding ("Defendant"). In the Chapter 7 case underlying this adversary proceeding, *In re Johnson,* case number 06–51887, the Court heard testimony from the Defendant in connection with the Trustee's Motion for Turnover filed against the Debtor, and found Defendant's testimony to be "simply not credible." *Johnson,* Findings of Fact, Conclusions of Law and Memorandum Opinion (Doc. # 347), p. 5, Sept. 12, 2007. The Trustee, Susan L. Rhiel, has filed this adversary proceeding against Defendant to recover the same property that was the subject of the Motion for Turnover and about which the Defendant testified previously. On the basis of the Court's finding quoted above, Defendant has moved for the assigned judge, Judge C. Kathryn Preston, to recuse herself from these proceedings.

## ANALYSIS

Defendant has moved for recusal pursuant to two statutes: 28 U.S.C. § 455 and 28 U.S.C. § 144.

### A. 28 U.S.C. § 144 Does Not Apply.

28 U.S.C. § 144 states in pertinent part: "Whenever a party to any proceeding *in a district court* makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." 28 U.S.C.A. § 144 (emphasis added).

■ It is well established that 28 U.S.C. § 144 does not apply in bankruptcy court. The statute's express language so provides. Thus, "28 U.S.C. § 144 applies only to district court judges and does not govern motions for recusal of a bankruptcy judge." *In re Haas*, 292 B.R. 167, 175 (Bankr.S.D.Ohio 2003) (Hoffman, J.). To reach this conclusion, Judge Hoffman relied on "a substantial body of case law" noted in his decision. *Id.* This interpretation of the statute is based in the history of the bankruptcy court, which were formerly overseen by a referee, not a judge. As such, bankruptcy court was compared to the circuit court of appeals, appellate tribunals, and territorial courts which also are not subject to 28 U.S.C. § 144. *See Ginger v. Cohn*, 255 F.2d 99, 100 (6th Cir.1958). Although the bankruptcy courts are now manned by judges, this holding remains applicable for the same reason.

### B. 28 U.S.C. § 455 Does Not Require the Judge to Recuse.

Further, it is not necessary for the assigned judge to recuse herself from this case under 28 U.S.C. § 455. Federal Rule of Bankruptcy Procedure 5004 provides that "[a] bankruptcy judge shall be governed by 28 U.S.C. § 455, and disqualified from presiding over the proceeding or contested matter in which the disqualified circumstance arises or, if appropriate, shall be disqualified from presiding over the case." Fed. R. Bankr.P. 5004(a). Under § 455, a judge should recuse himself when "(a) . . . his impartiality might reasonably be questioned . . . [or] (b)(1) [w]here [the judge] has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]" 28 U.S.C. § 455.

■ "While § 455 imposes a duty on the court to recuse where any of the statutory grounds exist, there is a corresponding duty not to do so if cause for recusal has not been shown." *Haas*, 292 B.R. at 175. "The standard for determining whether a judge should be disqualified is an objective one: whether a reasonable person with knowledge of all facts would conclude that the judge's impartiality might reasonably be questioned." *Id.* at 177.

Two sets of circumstances present grounds for one to recuse oneself: the "Extrajudicial Source Doctrine," and the "Pervasive–Bias Exception."

### I. Extrajudicial Source Doctrine.

■ Defendant first asserts the "Extrajudicial Source Doctrine." The Extrajudicial Source Doctrine is invoked "when the judge forms opinions of the litigants based on information learned outside the course of judicial proceedings." *Haas* at 176. The United States Supreme Court addressed the Extrajudicial Source Doctrine in *Liteky v. United States*, 510 U.S. 540, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994). *Liteky* involved a motion to disqualify the district judge pursuant to 28 U.S.C. § 455(a) based on events that had occurred during and immediately after a trial before the same district judge, involving the petitioner. In *Liteky*, the Court emphasized that "judicial rulings alone al-

most never constitute a valid basis for a bias or partiality motion." *Liteky*, at 555, 114 S.Ct. 1147. The Court also held that "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for bias or partiality." *Id.*

■ Defendant in the instant case asserts that the hearing on Trustee's Motion for Turnover was an extrajudicial source because the trustee improperly proceeded with her Motion for Turnover, which was directed to the Debtor. Defendant cites no supporting authority for the proposition that a judicial proceeding can be considered extra-judicial under any circumstances. In any case, this Court has previously held that the hearing on the Trustee's Motion for Turnover was not improper. *See Johnson,* Order on Motion for Relief from Judgment (Doc. # 516), Mar. 24, 2009. The assigned judge made a determination based on testimony given in the course of a properly noticed and duly held evidentiary hearing. It was not extrajudicial. Therefore, this prong of Defendant's Motion is without merit.

### ii. Pervasive Bias Exception.

■ The Pervasive Bias Exception is available "when a judge whose information is limited to that revealed during the course of judicial proceedings forms a favorable or unfavorable opinion so extreme that fair judgment appears impossible." *Haas,* 292 B.R. at 177. Defendant lastly claims that there is the appearance of partiality that should result in recusal. In support of her Motion, Defendant points only to that singular comment by the Court about Defendant's testimony. Defendant points to no other evidence or indicia of bias or partiality on the part of the assigned judge.

■ "[A]dverse rulings by the court ... do not constitute a basis for recusal. Judicial rulings and remarks not based on an extrajudicial source 'almost never constitute a valid basis' for recusal." *Id.* at 178–9. In fact, a motion for recusal based on opinions formed by the judge will not be granted unless "they display a *deep-seated favoritism or antagonism* that would make fair judgment impossible." *Liteky,* 510 U.S. at 555, 114 S.Ct. 1147 (emphasis added).

■ In the instant case, the assigned judge made a ruling adverse to Defendant's interests, with a comment on her testimony presented in the hearing. The Court's ruling was not so unfavorable "that fair judgment appears impossible" in this case. Standing alone as it does, the comment regarding Defendant's testimony does not reflect deep-seated antagonism. In fact, Defendant expressly states in her Motion that she is not suggesting that the judge holds any animus toward Defendant.

"The standard for determining whether a judge should be disqualified is an objective one: whether a reasonable person with knowledge of all facts would conclude that the judge's impartiality might reasonably be questioned." *Haas,* 292 B.R. at 177. When a witness gives testimony; it is the responsibility of the fact finder to assess the credibility of that testimony. The Court's assessment of Defendant's prior testimony is not an extraordinary measure which would lead a reasonable person, knowing all the facts, to believe that the assigned judge has formed an opinion so extreme that fair judgment appears impossible, or that the judge is unduly biased against Defendant. The Supreme Court has gone so far as to hold that opinions held by judges as a result of what they learned in earlier proceedings are not even subject to the characterization as "bias" or "prejudice". *Liteky,* 510 U.S. at 551, 114 S.Ct. 1147.

Moreover, it is standard practice for the judge assigned to a chapter 7 bankruptcy case to sit for all related contested matters and adversary proceedings. Every case that goes to trial ends in a decision adverse to one of the parties. It would be an anomalous result for the judicial system to assign all related cases to one judge, then require his recusal after he rules in one of the cases. Thus, an adverse decision alone cannot be assumed to detract from the judge's impartiality. On this point, the Supreme Court observed in *Liteky* that after reversal of a decision on appeal, it is "normal **and proper** for a judge to sit in the same case upon remand, and to sit in successive trials involving the same defendant." *Liteky,* at 551, 114 S.Ct. 1147 (emphasis added). Thus there is no basis for recusal in this instance.

This Court also observes that recusal under circumstances presented by this case would result in dangerous precedent in the Bankruptcy Court system. To interpret the statute as liberally as Defendant suggests would create a system whereby creditors who appear frequently in proceedings before the Bankruptcy Court could demand recusal by a judge who rendered any adverse ruling. The Bankruptcy Court system would become delayed with recusal motions and scheduling conflicts, allowing parties to cause unnecessary delay or to "judge-shop" to select who would hear their case. Therefore, the motion for Judge Preston's recusal should not be granted.

### iii. *Caperton v. A.T. Massey Coal Company, Inc.*

Defendant also filed a Notice of Additional Authority in Support of Defendant's Motion to Recuse in which she brings the attention of the Court to the Supreme Court case *Caperton v. A.T. Massey Coal Company, Inc.,* decided June 8, 2009. This case has no bearing on the issue at hand. In *Caperton,* a principal of A.T. Massey had contributed to the campaign fund of a West Virginia Supreme Court justice in a recent election. The recipient won the election over an incumbent justice. The United States Supreme Court held that the newly elected justice should have recused himself from the case. The Court used a due process argument to reach its conclusion. *Caperton* addresses the specific issue of recusal "in the context of judicial elections." *Caperton v. A.T. Massey Coal Company, Inc.,* — U.S. ——, 129 S.Ct. 2252, 2262–63, 173 L.Ed.2d 1208 (2009). The case is inapposite to the matter before this Court.

### CONCLUSION

The assigned judge is not required to recuse herself from this adversary proceeding. Any prior rulings made in regard to this case was a result of her judicial duties, and as such do not require her to recuse herself. Accordingly, the Defendant's Motion to Recuse is DENIED.

**IT IS SO ORDERED.**